[No. 51781-9.   Department Two.   July 24, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH BINDER, *Appellant.*

*Dennis J. DeFelice*, for appellant.

*Curtis Ludwig, Prosecuting Attorney,* and *Darcy Scholts, Deputy,* for respondent.

PER CURIAM.—Kenneth Binder's appeal raises several issues regarding the computation of his sentence under the Sentencing Reform Act of 1981, RCW 9.94A. Most of appellant's contentions have been resolved by our recent decision in *State v. Ammons,* 105 Wn.2d 175, 713 P.2d 719 (1986). Consistent with that decision, and with the express language of RCW 9.94A.360(11), we now vacate appellant's 12– to 14–month sentence and remand for resentencing.

Appellant is presently incarcerated pursuant to a conviction for second degree burglary. Four of his prior convictions are for federal crimes: possessing an unregistered firearm, making a firearm, possession of firearm by a felon, and escape from custody. The weapons convictions were all entered on the same date in 1975, whereas the escape conviction was entered in 1979. Appellant also has a 1972 state court conviction for forgery and a 1979 conviction for possession of stolen property.

At appellant's sentencing hearing, the State presented documentary evidence of his prior convictions. Appellant did not deny that he was the person named in the documents. Instead, he took the position that the State had to prove the constitutional validity of the prior convictions. (Each of the prior convictions is based on a plea of guilty.) In an offer of proof, defense counsel said that, if asked, appellant would testify that he had not been specifically advised of his constitutional rights before entering any of his pleas. Appellant also argued that the federal weapons violations did not constitute a felony under state law and therefore could not be treated as a prior conviction under the sentencing reform act.

The trial court rejected both of appellant's arguments and held that the State had proven each of the prior con-

victions by a preponderance of the evidence. Because appellant's sentences for the three weapons convictions ran concurrently, the trial court properly treated these prior convictions as a single conviction under RCW 9.94A.360. The court apparently did not notice, however, that the federal escape sentence also ran concurrently. The State now concedes that all four federal convictions should count as only one prior conviction.[1]

Since only one federal conviction may be counted, it is unnecessary to address appellant's contention that federal weapons convictions can never be treated as prior convictions: Appellant would have the same offender score, and thus the same standard range sentence, even if the weapon convictions are disregarded. See RCW 9.94A.360(11) (when concurrent convictions are treated as one offense, the conviction which yields the highest offender score is used); RCW 9.94A.330 (where present offense is second degree burglary, any prior conviction for escape or for a violent crime gives offender score of 1).

Our decision in *Ammons* disposes of appellant's remaining contentions. We held there that (1) the State must prove the existence of prior convictions only by a preponderance of the evidence; (2) the State need not prove the constitutional validity of prior guilty pleas, though a facially invalid plea cannot be used; and (3) once the State presents an order of judgment and sentence bearing the defendant's name, identity is sufficiently established unless the defendant declares under oath that he is not the person named.

Under these rules, the State here proved the existence of three usable prior convictions. (The federal convictions count as one, the 1972 forgery as the second, and the 1979 possession of stolen property as the third.) Under RCW

---

[1]RCW 9.94A.360(11) was recently amended to allow separate consideration of multiple prior convictions served concurrently unless the convictions encompass the same conduct. This amendment does not apply to sentences such as appellant's imposed prior to June 11, 1986. See Laws of 1986, ch. 257, § 25.

9.94A.310, appellant's standard range sentence is thus 4 to 12 months, not the 12 to 14 months which the trial court imposed.

The case is therefore remanded for further proceedings consistent with this opinion.