[No. 18602-7-I.   Division One.   January 27, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. JODY A. HAYES, *Appellant.*

*L. Warren Bursick,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Robert Carmichael, Deputy,* for respondent.

SCHOLFIELD, C.J.—Jody A. Hayes appeals from the court commissioner's order of disposition on the charge of vehicular homicide. Hayes argues that since two of her prior convictions arose out of the "same course of conduct", only the highest of the two offenses should have been included in her criminal history for the purpose of calculating the standard range of disposition. We affirm.

FACTS

Hayes was the driver of an automobile involved in a fatal accident on Interstate 5 near Bellingham, Washington, on the night of September 8, 1985. A passenger, Jayne Kruzich, was ejected from the vehicle and died of her injuries a short time later. Hayes' blood alcohol level at the time of the accident was found to be in excess of .10 percent. She was 17 years old at the time.

Following a fact–finding hearing before the Whatcom County court commissioner on March 17, 1986, Hayes was found guilty of vehicular homicide. The commissioner found the standard range of disposition for the offense to be 30 to 40 weeks, based upon the following criminal history:

| Incident Date | | Crime |
|---|---|---|
| [i] | July 27, 1981: | Theft in the Third Degree |
| [ii] | January 28, 1983: | Negligent Driving |
| [iii] | January 28, 1983: | No Valid Operator's License |
| [iv] | March 9, 1985: | Minor in Possession of Intoxicants |

Hayes brought a motion in Whatcom County Superior

Court for a revision of the commissioner's ruling. She argued that her prior convictions for negligent driving and no valid operator's license arose from the "same course of conduct" within the meaning of RCW 13.40.020(6)(a). Therefore, she contended, only the highest of these two offenses should have been included in her criminal history for the purpose of computing the standard range of disposition for the current offense. The trial court affirmed the commissioner's ruling and this appeal followed.

## SAME COURSE OF CONDUCT

The standard range of disposition for a juvenile offender is based upon the age of the juvenile, the nature of the instant offense, and the history and seriousness of the juvenile's previous criminal offenses. RCW 13.40.030(1)(a). The juvenile's "criminal history" includes all criminal complaints against the juvenile prior to the current offense. If, however, the juvenile was convicted of two or more offenses arising out of the "same course of conduct", only the highest charge will be counted as an offense. RCW 13.40.020-(6)(a).

Three prior offenses committed by a juvenile during the period when he had run away from home were held not to constitute one course of conduct in *State v. Adcock,* 36 Wn. App. 699, 676 P.2d 1040 (1984). The court found that the crimes were not related or connected in any way as part of an ordered or continuing sequence or a "recognizable scheme or plan." *Adcock,* at 706. Rather, the offenses involved a random series of events, occurring at different locations and at different times of the day.

In *State v. Calloway,* 42 Wn. App. 420, 711 P.2d 382 (1985), the court rejected the argument that two prior burglaries committed within 1 hour and for the same subjective purpose—to obtain money for narcotics—constituted one course of conduct. Multiple offenses will only have the necessary connection to constitute a single course of conduct, the court found, if during their commission "'there was no substantial change in the nature of the criminal

objective.'" (Footnote omitted.) *Calloway,* at 424 (quoting the Model Sentencing and Corrections Act §§ 3–105, 3–107 (1979) (National Conference of Commissioners on Uniform State Laws)).

The court adopted the following example from the comment to § 3–107 of the Model Sentencing and Corrections Act to illustrate multiple offenses that would constitute "the same course of conduct" under RCW 13.40.020(6)(a):

> [A]n offender may, in the process of seeking one criminal objective, actually commit several technical offenses. The burglar may be guilty of burglary, possession of burglary tools, possession of stolen property, flight to avoid arrest, and conspiracy to commit burglary.

*Calloway,* at 424 n.2.

The court further held that the test for "same course of conduct" is an objective one that does not depend upon the offender's subjective intent, and thus, the defendant's single subjective purpose of obtaining money for narcotics did "not operate to convert the two courses of conduct into one." *Calloway,* at 424.

Most recently, this court decided *State v. Huff,* 45 Wn. App. 474, 726 P.2d 41 (1986). *Huff* involved two prior convictions for reckless burning and second degree attempted burglary, committed during a single, relatively brief visit to the same residence, and both motivated by a desire to harass the same victims. The court held that, since neither crime in any way facilitated the commission of the other, they lacked the connection necessary to constitute one course of conduct. *Huff,* at 478. Even though the crimes were motivated by the same desire to harm the victims, the juvenile had two separate criminal objectives—to burn the house and to burglarize the house. *Huff,* at 478.

In the case at bar, following a single–car accident on January 28, 1983, Hayes was convicted of negligent driving and of having no valid operator's license. Hayes argues that these two offenses, both of which arose from driving an automobile and which occurred contemporaneously, consti-

tuted "the same course of conduct." We disagree.

■ The mere fact that both convictions arose from a single incident does not provide the connection necessary to constitute a single course of conduct within the meaning of RCW 13.40.020(6)(a). Unlike the burglar in the example cited in *Calloway,* Hayes did not commit the two offenses in the process of seeking one criminal objective. *Calloway,* at 424. In other words, although Hayes was 14 and therefore could not commit the crime of negligent driving without also being guilty of driving without a license, her only criminal objective was to drive without a license, and she would have committed this offense each time she drove. The negligent driving offense was inadvertent and unintended. It cannot be said, therefore, that one offense was committed to facilitate the other. *See State v. Huff, supra.*

Nor was the commission of one offense dependent in any way upon the commission of the other. As the State correctly points out, driving without a valid license is a crime regardless of how safely the vehicle is operated, and negligent driving is not necessarily related, causally or otherwise, to the possession of a valid driver's license.

In conclusion, we hold that both crimes at issue were correctly included in Hayes' criminal history for the purposes of sentencing. Accordingly, we affirm the commissioner's order of disposition and the trial court's denial of Hayes' motion to revise the commissioner's order of disposition.

WILLIAMS and GROSSE, JJ., concur.