[No. 17185–2–I.   Division One.   March 2, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
L. KING III, *Appellant*.

*C. M. Hassenstab* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ricardo S. Martinez, Deputy,* for respondent.

PER CURIAM.—Robert J. King III has appealed the sentence entered following the court's acceptance of his pleas of guilty on four counts of robbery in the second degree. King's counsel on appeal has filed a motion to withdraw on the ground that she can find no basis for a good faith argument on review. Pursuant to *State v. Theobald,* 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must:

> ■ be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*State v. Theobald, supra* at 185, quoting *Anders v. California, supra* at 744.

This procedure has been followed. King's counsel has filed a brief with her motion to withdraw. King was provided a copy of the brief and informed of his right to file a pro se supplemental brief. He has neither filed such a brief nor requested additional time in which to do so. (King did file a pro se brief at sentencing which is included as part of the record.) Finally, we have made a complete examination of the record to determine whether the appeal is wholly frivolous and find that it is.

The only potential issue raised by counsel is whether the sentence was properly computed. King was charged with

five counts of robbery or attempted robbery in the second degree and two counts of first degree robbery. Pursuant to a plea agreement, all the counts were lowered to second degree, three counts were dropped, and King pleaded guilty to the remaining four counts of second degree robbery. The issue raised by King and his counsel at sentencing was whether the four current convictions should be counted as one offense in determining his offender score. Two grounds are argued to support this premise: (1) counsel argued that the offenses are part of the same course of criminal conduct; and (2) King argued that current offenses should be computed like prior offenses in that if the sentences are served concurrently, they should count as one offense. Both arguments are without merit.

Under former RCW 9.94A.400 the procedure for scoring current offenses under the sentencing reform act is outlined. Section (1)(a) states in pertinent part: "Separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history." King participated in several robberies of state liquor stores over a period of several weeks. King was sometimes accompanied by an accomplice, but a similar modus operandi was always used. Counsel attempted to persuade the court that the four current offenses were part of the same course of criminal conduct in that the robberies were made in an attempt to obtain money for cocaine and other drugs. That argument has no merit. A series of robberies involving separate victims at different locations does not encompass the same course of conduct, even if closely related in time. D. Boerner, *Sentencing in Washington* § 5.8(a) (1985). *See State v. Calloway,* 42 Wn. App. 420, 711 P.2d 382 (1985) (two burglaries committed within an hour's time for the common purpose of obtaining money to buy drugs did not arise from the same course of conduct). *See also State v. Hayes,* 46 Wn. App. 684, 732 P.2d 168 (1987); *State v. Rienks,* 46 Wn. App. 537, 731 P.2d 1116 (1987); *State v. Huff,* 45 Wn. App. 474, 726 P.2d 41 (1986); *State v. Edwards,* 45 Wn. App. 378, 725 P.2d 442 (1986). Therefore,

the court properly rejected counsel's argument.

We turn now to King's argument. King contends that since prior offenses served concurrently are counted as one in determining the offender score, RCW 9.94A.360(11), his four current offenses should be counted as one since his sentence will be served concurrently. There is no merit to this contention.

■ First, former RCW 9.94A.400(1)(a) provides in part:

[T]he sentence range for each offense shall be determined by using all other current and prior convictions as criminal history. All sentences so determined shall be served concurrently. Separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history.

To lend credence to King's contention would render much of that language superfluous. Since each current offense is to be served concurrently, it would virtually always be the case that all current offenses would count as one. Logically, that cannot be the case since such a reading would render all but meaningless the exception to the rule for crimes encompassing the same criminal conduct, at least as that rule is applied to current offenses. It is well settled that courts are to avoid absurd results when construing statutes. *State v. Hartley,* 41 Wn. App. 669, 705 P.2d 821, *review denied,* 104 Wn.2d 1028 (1985). Therefore, the court was correct in sentencing King on each count using the other current offenses as factors and running all sentences concurrently. *See* D. Boerner, *Sentencing in Washington, supra.*

In addition, we note that the "Statement of Defendant on Plea of Guilty" clearly shows the computations used to obtain King's offender score and that the score was obtained by using his other current offenses. The standard range for that score was properly stated to be 63 to 84 months. King's sentence of 74 months properly falls within that range. We find no error in the computation of his sentence.

We agree with counsel that there are no arguable issues

on appeal. The motion to withdraw is granted and the appeal is dismissed.