[No. 8018–8–III. Division Three. March 10, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLARD M. TAYLOR, *Appellant*.

*William D. Edelblute,* for appellant (appointed counsel for appeal).

*Terry R. Nealey, Prosecuting Attorney,* and *G. Scott Marinella, Deputy,* for respondent.

THOMPSON, A.C.J.—Willard M. Taylor appeals the 17– to 22–month sentence on his conviction of delivery of a controlled substance, RCW 69.50.401. We reverse and remand for resentencing.

A jury found Mr. Taylor guilty of three counts, which were found to have occurred November and December 1985. Following a May 22, 1986 sentencing hearing, the trial court entered judgment and a concurrent sentence of 17 to 22 months, using an offender score of 5 to compute the length of the sentence.

One point of the score was based upon a second degree theft which occurred October 1, 1985. Mr. Taylor was convicted of this offense on February 20, 1986, and, pursuant to a plea of guilty, sentence was pronounced March 20, 1986. Two points each were assigned to two of the delivery counts. RCW 9.94A.360(8).

Mr. Taylor contended at sentencing that the correct range was 4 to 12 months because neither the theft nor the delivery convictions could be considered "prior" convictions under then RCW 9.94A.360(8), (9). He appeals, seeking a remand for recomputation of the offender score and sentence.

At issue is whether the trial court erred in applying an offender score of 5. To resolve this issue, we look to pertinent portions of the Sentencing Reform Act of 1981 (SRA) which were in effect at the time.

Former RCW 9.94A.400(1)(a) provided in part:

> [W]henever a person is convicted of two or more offenses, the sentence range for each offense shall be determined by using all other current and prior convictions as crimi-

nal history. All sentences so determined shall be served concurrently. Separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history.

Laws of 1984, ch. 209, § 19, p. 1075.

Former RCW 9.94A.360 provided in pertinent part:

(8) If the present conviction is for a violation of chapter 69.50 RCW, except for possession of a controlled substance (RCW 69.50.401(d)), count two points for each adult prior felony drug conviction (chapter 69.50 RCW, except RCW 69.50.401(d)), and one point for each juvenile drug conviction. All other adult and juvenile felonies are scored . . . as in subsection (9) of this section if the current drug conviction is nonviolent.

(9) If the present conviction is for a nonviolent offense and not covered by subsection (6), (7), or (8) of this section, count one point for each prior adult felony conviction and one point for each prior juvenile violent felony conviction and ½ point for each prior juvenile nonviolent felony.

. . . .

(11) In the case of multiple prior convictions for the purpose of computing the offender score, count all adult convictions served concurrently as one offense, and count all juvenile convictions entered on the same date as one offense. The conviction for the offense that yields the highest offender score is used.

Laws of 1984, ch. 209, § 19, p. 1070–71.

Because the delivery convictions constituted violations of RCW 69.50, any "adult prior felony drug conviction" would count two points toward the total offender score. Former RCW 9.94A.360(8). Since the delivery convictions were nonviolent, any other "prior adult felony conviction" would be assessed one point. Any adult convictions served concurrently would be counted as one offense. Former RCW 9.94A.360(9), (11); RCW 9.94A.400(1)(a).

▪ Mr. Taylor argues since the 1986 theft conviction occurred *after* the 1985 acts of delivery, it cannot be considered a "prior" adult conviction under former RCW 9.94A.360(9). In essence, he asks us to focus on the time the subsequent crimes occurred, rather than the time of sen-

tencing for those crimes, and asks us to find ambiguity in the statute. On the contrary, application of the sentencing guidelines clearly takes place at the time of sentence for, not occurrence of, the later offenses, and any reference to "prior convictions" dates from the time of sentencing. Any other interpretation would frustrate the accountability purposes of the SRA; would lead to an absurd result given the former statute's reference to other current offenses, former RCW 9.94A.400(1)(a); and would be contrary to recent clarifying amendments. *State v. Garrison,* 46 Wn. App. 52, 56, 728 P.2d 1102 (1986). The trial court did not err in assigning one point to the prior theft conviction in computing the offender score.

Mr. Taylor also claims ambiguity in the application of the SRA as it related to the delivery charges in the computation of the offender score. An ambiguous statutory term is one that is susceptible to more than one meaning. *Spokane v. Port,* 43 Wn. App. 273, 278, 716 P.2d 945 (1986); *see also McGary v. Westlake Investors,* 99 Wn.2d 280, 285, 661 P.2d 971 (1983). As a general rule, former RCW 9.94A-.400(1)(a) required all current offenses to serve as criminal history in determining the sentence range for each count. Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* pt. II, § 9.94A.400 comment, at II–40 (1984). Here, although former RCW 9.94A.400(1)(a) directed the court to determine the sentence range by using "all other current and prior convictions as criminal history", it did not indicate whether present convictions were to be considered other current convictions or prior convictions, nor did it assign a point value to other current convictions. The trial court treated the other delivery offenses as other prior felony drug convictions under former RCW 9.94A.360(8), and assigned two points to each of the other delivery offenses. This was contrary to subsection 11 of that same section which required all adult convictions served concurrently to be treated as one offense. For that reason alone, the computation was incorrect.

The distinction between "prior conviction" and "other current offenses", the proper scoring of "current offenses", as well as the effect of concurrent sentencing of multiple offenses have been clarified in the 1986 amendments to the provisions at issue here. RCW 9.94A.360(1) now provides:

A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed. Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed "other current offenses" within the meaning of RCW 9.94A.400.

RCW 9.94A.400(1)(a) provides in pertinent part:

Except as provided in (b) of this subsection [conviction of three or more serious violent offenses], whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions *as if they were prior convictions for the purpose of the offender score: . . .*

(Italics ours.)

Moreover, the effect of concurrent sentencing on prior convictions for offenses committed before July 1, 1986, is set forth in RCW 9.94A.360(5)(c) as follows in pertinent part:

In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:

. . .

(c) In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense, . . . Use the conviction for the offense that yields the highest offender score.

The new statute expressly treats current offenses like prior convictions for the purpose of the offender score, and as to multiple offenses committed before July 1, 1986, requires the court to count all adult convictions served concurrently as one offense, as was provided in former

RCW 9.94A.360(11). Under the new statute, Mr. Taylor's theft conviction would have counted one and his delivery convictions, since his sentences were concurrent, would have counted two points, for a total offender score of 3. *See State v. Binder*, 106 Wn.2d 417, 418–19, 721 P.2d 967 (1986) (four federal convictions entered on the same date treated as one for sentencing purposes); *State v. Garrison, supra* (convictions occurring after commission of the present offense, but prior to sentencing therefor, treated as "prior").

 The 1986 statutory clarification comes under the rule that an amendment of an ambiguous provision does not necessarily indicate a purpose to change the law. 1A N. Singer, *Statutory Construction* § 22.30 (4th ed. 1985). Where an original enactment was ambiguous and a clarifying amendment or technical correction contravenes no construction placed on the original statute, the amendment may be deemed curative, remedial, and retroactive. *Johnson v. Continental West, Inc.*, 99 Wn.2d 555, 562, 663 P.2d 482 (1983); *Overton v. Economic Assistance Auth.*, 96 Wn.2d 552, 558, 637 P.2d 652 (1981).

This is particularly applicable here, since the subsequent provision requiring concurrent convictions to count as one offense expressly preserves the prior rule as to offenses committed before July 1, 1986. RCW 9.94A.360(5)(c).

Finding no previous contrary judicial interpretation of the former statutory provisions, this court can look to the subsequent enactment to resolve the ambiguity of how "current offenses" should have been scored for sentencing purposes. *See Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 614–15, 694 P.2d 697 (1985). This approach also comports with the rule of lenity which requires that in a criminal case any ambiguity in the statute must be resolved in favor of the defendant. *State v. Hornaday*, 105 Wn.2d 120, 127, 713 P.2d 71 (1986); *State v. Martin*, 102 Wn.2d 300, 304, 684 P.2d 1290 (1984).

Reversed and remanded for sentencing consistent with this opinion.

GREEN and MUNSON, JJ., concur.