[No. 54020–9. En Banc. February 18, 1988.]

THE STATE OF WASHINGTON, *Appellant*, v. LESLIE FRANCIS JONES, *Respondent*.

*Norm Maleng, Prosecuting Attorney, Robert S. Lasnik, Chief of Staff,* and *Deborah J. Phillips, Senior Appellate Attorney,* for appellant.

*Dori Jones* of *Washington Appellate Defender Association,* for respondent.

DURHAM, J.—Under the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, a factor in the calculation of a defendant's standard sentence range is his "offender score". When the defendant is being sentenced for more than one crime, the offender score for any one of those crimes is the sum of two numbers: a score for prior convictions and a score for

the other convictions that are currently before the sentencing judge (other current convictions). *See* RCW 9.94A-.400(1)(a). In the present case, Leslie Jones was sentenced for three crimes committed in King County in 1985. Both Jones and the State appeal the sentences imposed. The State challenges the trial judge's computations with respect to prior convictions and Jones challenges the computations with respect to other current convictions. We hold that the trial judge correctly scored Jones' other current offenses but miscalculated the score for prior convictions.

## I

In November 1985, Jones was convicted of three separate crimes: second degree possession of stolen property (count 1), unlawful possession of a pistol (count 2), and first degree escape (count 3). As to each of counts 1 and 2, the trial judge found that Jones had three prior convictions and two other current convictions, totaling an offender score of 5. As to count 3, the escape conviction, special rules applied. At the time of this sentencing, the SRA provided that when sentencing for an escape conviction, only prior escape convictions are used in arriving at an offender score. Former RCW 9.94A.360(6). The trial judge found that Jones had no other valid escape convictions, so Jones' offender score for count 3 was 0. The following chart summarizes these findings and sets out the resulting standard range for each count:

| | Count 1 (stolen property) | Count 2 (pistol) | Count 3 (escape) |
|---|---|---|---|
| Prior Convictions | 3 | 3 | 0 |
| Other Current Convictions | 2 | 2 | 0 |
| Total Offender Score | 5 | 5 | 0 |
| Standard Sentence Range | 4–12 Mos. | 17–22 Mos. | 3–9 Mos. |
| Sentence | 10 Mos. | 20 Mos. | 8 Mos. |

Because the three counts are to be served concurrently, Jones presently faces a 20–month term of confinement.

## II

We turn first to the issue of Jones' prior convictions. The prosecutor presented the following prior convictions to the trial judge:

1975: Second Degree Burglary
1979: Second Degree Burglary
1980: First Degree Escape
1981: Second Degree Theft
1982: Two counts of Second Degree Burglary, one count of Attempted Second Degree Burglary

When computing Jones' offender score, the trial judge excluded the 1975 and 1980 convictions because they previously had been held unconstitutionally obtained in a habitual criminal proceeding conducted pursuant to RCW 9.92.090. The State contends that this exclusion was improper.

In an SRA sentencing hearing, the State has the burden of establishing a defendant's criminal history by a preponderance of the evidence. RCW 9.94A.110; *State v. Ammons,* 105 Wn.2d 175, 186, 713 P.2d 719, 718 P.2d 796, *cert. denied,* 479 U.S. 930, 93 L. Ed. 2d 351, 107 S. Ct. 398 (1986). However, the State is not burdened with proving the constitutional validity of the defendant's prior convictions. *Ammons,* at 187. Rather, the constitutional validity of the prior convictions is generally not subject to challenge in sentencing proceedings. *Ammons,* at 188. Holding otherwise would "unduly and unjustifiably overburden the sentencing court." *Ammons,* at 188. There are, however, two exceptions to the rule that the constitutional validity of prior convictions cannot be challenged. A sentencing judge may not include in criminal history a prior conviction "[1] which has been previously determined to have been unconstitutionally obtained or [2] which is constitutionally invalid on its face". *Ammons,* at 187. Resolution of the

issue in the present case turns on the interpretation of the first *Ammons* exception.[1]

Jones contends that the decision in his prior habitual criminal proceeding fulfills the requirements of the first exception, being a previous judicial determination that the prior convictions were unconstitutionally obtained. Consequently, Jones argues that *Ammons* requires his 1975 and 1980 convictions to be excluded from his criminal history.

■ We disagree. *Ammons* contemplates that the previous determination be one in which the challenged conviction is actually invalidated. *See Ammons,* at 188 (describing procedures for setting aside a prior conviction in state and federal courts). By contrast, a constitutional challenge to a prior guilty plea in a habitual criminal proceeding is neither collateral nor retroactive. *State v. Frederick,* 100 Wn.2d 550, 555 n.2, 674 P.2d 136 (1983); *State v. Rinier,* 93 Wn.2d 309, 315, 609 P.2d 1358 (1980). The only effect of a successful challenge in a habitual criminal proceeding is that the prior conviction cannot be used to enhance the sentence in that proceeding. *State v. Holsworth,* 93 Wn.2d 148, 154, 160, 607 P.2d 845 (1980). The prior conviction is not invalidated. Accordingly, a habitual criminal proceeding cannot satisfy the first exception of *Ammons.*

■ Moreover, the first *Ammons* exception is impliedly based on the theory of collateral estoppel. That theory has been described as follows:

> [Collateral estoppel] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

*State v. Dupard,* 93 Wn.2d 268, 273, 609 P.2d 961 (1980) (quoting *Ashe v. Swenson,* 397 U.S. 436, 443, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970)). This theory, however, applies only if the burdens of proof in the two proceedings are such that the determination in the first proceeding is actually

---

[1]Neither party argues that the second *Ammons* exception applies.

conclusive of that in the second. More specifically, this exception has been stated as follows:

> [Collateral estoppel does not prevent relitigation of an issue if the] *party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action*; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action . . .

(Italics ours.) Restatement (Second) of Judgments § 28(4) (1982). *See also Standlee v. Rhay,* 557 F.2d 1303 (9th Cir. 1977); *Standlee v. Smith,* 83 Wn.2d 405, 407–09, 518 P.2d 721 (1974).

In SRA sentencing hearings, the State does not have the burden of proving the constitutional validity of a prior conviction. See discussion of *Ammons* above. However, in habitual criminal hearings, the State must prove the validity of prior guilty pleas beyond a reasonable doubt. *State v. Holsworth, supra* at 159–60. Because the State's burden of proof was significantly higher in the habitual criminal proceeding, the determination there is not conclusive to the issue in the sentencing hearing. Accordingly, the first *Ammons* exception should not be interpreted to include determinations in habitual criminal proceedings.[2]

Jones challenges our interpretation of *Ammons* with two arguments. First, he contends that collateral estoppel should apply, despite the difference in the burdens of proof, because both proceedings are punitive in nature. Jones argues that *Standlee v. Smith, supra,* precludes a party from relitigating an issue decided in a criminal case only when the burden of proof is different and the subsequent proceeding is remedial in nature. However, subsequent interpretations of *Standlee v. Smith* have focused solely on

---

[2]Under this scheme, the defendant would be sentenced using the prior conviction as criminal history. If a defendant is successful later in collaterally challenging a prior conviction, he can then be resentenced "without the unconstitutional conviction being considered." *State v. Ammons,* 105 Wn.2d 175, 188, 713 P.2d 719, 718 P.2d 796, *cert. denied,* 479 U.S. 930, 93 L. Ed. 2d 351, 107 S. Ct. 398 (1986).

the difference in the burdens of proof. *See State v. Dupard, supra* at 271–72; *Beckett v. Department of Social & Health Servs.*, 87 Wn.2d 184, 187–88, 550 P.2d 529 (1976); *State v. Barry*, 25 Wn. App. 751, 761, 611 P.2d 1262 (1980); Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 Wash. L. Rev. 805, 830 n.164 (1985). The Restatement does not limit its rule in the manner proposed by Jones, and we also see no reason to do so.

Jones also argues that collateral estoppel should be applied because the finding in the habitual criminal proceeding was not that the State had failed to meet its burden of proof, but that the prior convictions were in fact based on unconstitutionally obtained guilty pleas. However, we agree with the concept that "[t]he rule that a shift in the burden of persuasion defeats preclusion should apply even if the first action went beyond a negative finding that the burden was not carried." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice* § 4422, at 213 (1981). Accordingly, we reject Jones' argument.

In light of the foregoing discussion, we conclude that the 1975 and 1980 convictions should have been included in calculating Jones' offender score for prior offenses. Properly calculated, Jones' score for counts 1 and 2 should have been 5, and for count 3 should have been 1.

## III

We now address the manner in which Jones' "other current convictions" were scored. As to count 1, the trial court concluded that there were two other current offenses, that of count 2 and that of count 3, and assigned an offender score of 2. Sentencing on count 2, the trial court concluded that there were also two other current offenses, that of count 1 and that of count 3. Jones argues that for each of these counts, the score for other current offenses should have been 1. There is no dispute as to the scoring of the other current offenses for count 3.[3]

---

[3]For the scoring of count 3's other current offenses, see footnote 4 below.

At the time relevant to Jones' sentencing, the SRA addressed the calculation of a defendant's offender score as follows:

> [W]henever a person is convicted of two or more offenses, the sentence range for each offense shall be determined by using all other current and prior convictions as criminal history. All sentences so determined shall be served concurrently. . . .

Former RCW 9.94A.400(1)(a).

Although this section requires a sentencing judge to use other current and prior convictions in calculating criminal history, it gives no guidance as to the manner in which they should be used. As to prior convictions, however, the appropriate point values for each type of crime are detailed in other provisions of the SRA. For example, some prior felonies are counted as one–half point, some as 1 point, and some as 2 or more points. *See* former RCW 9.94A.360. In general, most prior nonviolent adult felony convictions are counted as 1 point, although any adult convictions that were concurrently served count together as one offense. *See* former RCW 9.94A.360(9), (11). At the time relevant to this case, however, the SRA had no corresponding provisions detailing how point values were to be assigned to the other current convictions.

In his book on Washington sentencing practices, David Boerner interprets the SRA's silence on the scoring of other current convictions as an indication that they should be scored as if they were prior convictions:

> Under [former RCW 9.94A.400(1)(a)] the criminal history score for each current conviction is determined by using all other current convictions as if they were prior convictions. The process is repeated in turn for each current conviction, counting all other current convictions as if they were prior convictions. The resulting "offender score" is used to determine the sentence range applicable to each conviction. A sentence is then imposed for each current conviction. All such sentences are served concurrently.

> An example will illustrate how this provision operates. Assume a defendant has been convicted of three counts

of forgery. In determining the offender score for Count I, the convictions in Counts II and III are considered as criminal history, as if they had occurred at some time in the past. Thus in determining the offender score for Count I, this defendant has two forgery convictions which must be included. The identical process is used in determining the offender score for Counts II and III. For Count II, the convictions in Count I and Count III are included as criminal history; for Count III, the convictions in Counts I and II are included. A sentence for each count will be imposed, but the resulting sentences are served concurrently.

D. Boerner, *Sentencing in Washington* 5–16 (1985). We agree with this interpretation.

Moreover, the Legislature amended RCW 9.94A.400(1)(a) in 1986 to expressly adopt this interpretation. The statute now reads in relevant part as follows:

[W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined *by using all other current and prior convictions as if they were prior convictions* for the purpose of the offender score . . .

(Italics ours.) RCW 9.94A.400(1)(a).

■■ The amendment to RCW 9.94A.400(1)(a) is not expressly applicable to Jones' sentence because he committed his crimes before July 1, 1986. *See* Laws of 1986, ch. 257, § 38, p. 948. However, "[w]here an original enactment was ambiguous and a clarifying amendment or technical correction contravenes no construction placed on the original statute, the amendment may be deemed curative, remedial, and retroactive." *State v. Taylor*, 47 Wn. App. 118, 123, 734 P.2d 505 (1987); *see also State v. Dunaway*, 109 Wn.2d 207, 216 n.6, 743 P.2d 1237 (1987). In the present case, the former statute was ambiguous, the amendment was a clarification, and no judicial construction was contravened. *See Taylor*, at 123. Therefore, the amendment should be applied retroactively to Jones' sentence.

Accordingly, for each count, Jones' other offenses are to be treated as if they were prior convictions. We then look to

the provisions of the SRA that detail how prior convictions are scored in order to properly score Jones' other current offenses. Under former RCW 9.94A.360(9), Jones' three current offenses would be scored at 1 point each. Therefore, the score for count 1's other current offenses (counts 2 and 3) would be 2, and the score for count 2's other current offenses (counts 1 and 3) would also be 2.[4]

Nevertheless, Jones argues that for each of these counts the score for other current offenses should be 1. Jones points out that the SRA treats concurrently served prior convictions as one offense for sentencing purposes, so that only the conviction yielding the highest offender score is used. Former RCW 9.94A.360(11).[5] Because other current offenses are to be treated as if they were prior convictions, Jones argues that other current offenses that will be concurrently served must also be treated as a single offense. In the present case, Jones' three current convictions will be served concurrently. Jones' interpretation would in this manner reduce his score for other current offenses for each count to 1 point.

Two divisions of the Court of Appeals have recently reached different conclusions on this issue. In *State v.*

---

[4]For count 3, special rules applying to escape offenses must be taken into account. Under former RCW 9.94A.360(6), if the present conviction is for escape, only prior escape convictions count toward the defendant's offender score for prior offenses. Because other current offenses are to be treated as if they were prior offenses, only other current escape convictions count toward the score for other current offenses. Neither count 1 nor count 2 involved an escape conviction, thus Jones' score for other current escape convictions for count 3 would be 0. Both parties agree that this score is proper.

[5]This statute was also amended by the Legislature in 1986, but not in any way that affects the present case. The amendment provides generally that multiple prior convictions are to be counted separately, even if they were concurrently served. RCW 9.94A.360(5). This represents a fundamental change in the SRA's operation. However, the Legislature made an exception for offenses committed before July 1, 1986, retaining for these offenses the pre–amendment rule, namely that one should "count all [prior] adult convictions served concurrently as one offense". RCW 9.94A.360(5)(c). Because Jones committed his three current offenses before July 1, 1986, this amendment does not change the way in which his offender score is calculated.

*King,* 47 Wn. App. 38, 733 P.2d 568 (1987), Division One held that each current conviction must be separately counted even if all current convictions will be concurrently served. In *State v. Taylor,* 47 Wn. App. 118, 734 P.2d 505 (1987), Division Three held that such convictions must be counted as a single offense. Jones bases much of his argument on the rationale of *Taylor.*

■ We reject Jones' argument, and with it *Taylor*'s reasoning. The policy considerations behind former RCW 9.94A.360(11) clearly refute these arguments. As Professor Boerner has noted:

> The Sentencing Guidelines Commission was aware that under sentencing practices in effect prior to the Sentencing Reform Act most sentences were imposed concurrently, with consecutive sentences imposed only in exceptional cases. However, because of widely varying charging and plea bargaining policies of prosecuting attorneys and sentencing practices of judges, the same pattern of criminal conduct could result in one or several convictions with either consecutive or concurrent sentences imposed. Some Commission members were concerned that if all prior convictions were counted separately, the unfairness of these earlier decisions would be repeated and incarceration rates would rise sharply because of the impact of higher offender scores on the presumptive sentence ranges. The Commission decided to rely on the past exercise of judicial discretion and count each separate conviction only if it had been imposed consecutively.

D. Boerner, at 5–12. We agree with this analysis. The only reason for treating concurrently served prior convictions as a single offense was the fear of perpetuating the unfairness of pre–SRA sentencing decisions. This purpose is applicable only to prior convictions, because sentencing for current offenses does not involve the broad discretion that created unfair results under pre–SRA law. Because the rationale of former RCW 9.94A.360(11) is inapplicable to current offenses, Jones' interpretation would be inconsistent with legislative intent.

The general purposes of the SRA also support our conclusion. Jones' interpretation would allow a defendant to escape enhanced punishment merely because he is being sentenced for multiple offenses at the same time. This interpretation would violate many of the express purposes of the SRA, namely, to ensure that punishment is proportionate to the defendant's criminal history, to provide just punishment, to ensure that punishment imposed be commensurate with that imposed on others similarly situated, and to protect the public. *See* RCW 9.94A.010. Jones' interpretation defies common sense and could not have been intended by the Legislature. Accordingly, Jones' other current offenses must be separately considered even if they will be concurrently served.

## IV

In summary, we reverse the trial judge's treatment of Jones' prior convictions but affirm his treatment of Jones' other current convictions. We remand for Jones to be resentenced using the following offender scores:

|  | Count 1 | Count 2 | Count 3 |
|---|---|---|---|
| Score for Prior Convictions | 5 | 5 | 1 |
| Score for Other Current Convictions | 2 | 2 | 0 |
| Total Offender Score | 7 | 7 | 1 |

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, CALLOW, and GOODLOE, JJ., concur.