**Richard N. CURTIS, Petitioner–Appellant,**

v.

**Kenneth O. EIKENBERRY, Respondent–Appellee.**

**No. 88–3917.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1989.

Decided June 13, 1989.

Bruce D. MacLean, MacLean & Mac-Lean, Seattle, Wash., for petitioner-appellant.

Linda A. Dalton, Asst. Atty. Gen., Olympia, Wash., for respondent-appellee.

Before PREGERSON, BOOCHEVER and NOONAN, Circuit Judges.

PREGERSON, Circuit Judge:

Following a criminal conviction, petitioner Richard N. Curtis was adjudged to be an habitual criminal pursuant to section 9.92.-090 of the Washington Code.[1] On appeal, the Washington Court of Appeals vacated the habitual criminal judgment, ruling that the existence and validity of three of the four prior convictions that the state alleged as the basis of the habitual criminal judgment had not been proved beyond a reasonable doubt as required by Washington law. *See State v. Hennings,* 100 Wash.2d 379, 670 P.2d 256, 257–58 (1983) (en banc) (in an habitual offender proceeding, "the

---

1. Wash.Rev.Code § 9.92.090 (1988) provides in relevant part:

    Every person convicted in this state ... of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony ... shall be punished by imprisonment in the state penitentiary for life.

[s]tate has the burden of proving beyond a reasonable doubt.... the existence of two prior valid felony convictions along with the present conviction.... [and if] any of the convictions were based on guilty pleas and the defendant challenges the validity of the plea, the [s]tate must also prove beyond a reasonable doubt that the challenged plea was knowingly made after the defendant was informed of the nature of the offense and the consequences of pleading guilty").

Although the prior convictions were not used to impose a life sentence on Curtis under the habitual criminal statute, the Indeterminate Sentence Review Board ("Sentencing Board"), which fixes the duration of confinement of a convicted person, relied on all four prior convictions at the sentencing hearing to calculate petitioner's sentence. Petitioner contends that the Sentencing Board's use of the three prior convictions, which Washington had failed to prove valid beyond a reasonable doubt in the habitual criminal proceeding, violates the prohibition against double jeopardy. The District Court rejected petitioner's contentions. We affirm.

## STANDARD OF REVIEW

The decision whether to grant or deny a petition for habeas corpus is reviewed *de novo. Weygandt v. Ducharme,* 774 F.2d 1491, 1492 (9th Cir.1985); *Chatman v. Marquez,* 754 F.2d 1531, 1533–34 (9th Cir.), *cert. denied,* 474 U.S. 841, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985).

## DISCUSSION

■ The Supreme Court has held that if a sentencing proceeding bears the hallmarks of a trial on guilt or innocence, the prohibition against double jeopardy precludes the retrial of issues decided therein. *Bullington v. Missouri,* 451 U.S. 430, 438–40, 101 S.Ct. 1852, 1857–59, 68 L.Ed.2d 270 (1981) (because of capital sentencing proceeding's trial-like characteristics, double jeopardy precluded second capital sentencing proceeding where government in first such proceeding had failed to prove circumstances warranting death penalty). Wash-

ington's habitual offender proceeding possesses several of the trial-like characteristics that the Supreme Court found present in *Bullington.* However, the difference in the burdens of proof in the habitual offender proceeding before the trial court and the proceeding before the Sentencing Board distinguishes this case from *Bullington* and precludes a finding of double jeopardy.

■ In *Bullington,* the issue was whether the defendant could be subjected to a second capital sentencing proceeding. The burdens of proof in the two proceedings were identical. In the present case, there are two different proceedings involved and the burdens of proof in the two proceedings are different. In the habitual offender proceeding, the existence and validity of prior convictions must be proved beyond a reasonable doubt. *State v. Hennings,* 100 Wash.2d 379, 670 P.2d 256, 257–58 (1983) (en banc). In the hearing before the Sentencing Board, the existence and validity of prior convictions need only be proved by a preponderance of the evidence. *State v. Ammons,* 105 Wash.2d 175, 713 P.2d 719, 726, *modified,* 105 Wash.2d 175, 718 P.2d 796, *cert. denied sub nom. Ammons v. Washington,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

The difference in the burdens of proof is dispositive of this case. In the habitual offender proceeding, Washington failed to establish the validity of petitioner Curtis' prior convictions beyond a reasonable doubt. However, it is not inconsistent with this finding to subsequently establish the petitioner's prior criminal history by a preponderance of the evidence. Petitioner Curtis concedes that Washington proved the validity of his prior convictions by a preponderance of the evidence. The fact that the same issue was litigated in the prior habitual offender proceeding does not automatically raise the bar of double jeopardy. In the present case, where the burden of proof in the first proceeding was considerably heavier than that in the second proceeding, double jeopardy does not preclude relitigation of the existence of petitioner Curtis' prior convictions. *Cf. State v. Jones,* 110 Wash.2d 74, 750 P.2d 620, 622

(1988) (en banc) (collateral estoppel does not prevent relitigation of an issue where the burden of proof in the first proceeding is heavier than that in the second); *see also Standlee v. Rhay,* 557 F.2d 1303, 1307 (9th Cir.1977) (doctrine of collateral estoppel held inapplicable in part because burdens of proof in two proceedings were different).

AFFIRMED.