**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30257 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00052-WFN-1 |
| v. | |
| MAXWELL DELVON JONES, AKA Money, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted May 4, 2016
Seattle, Washington

Before: GRABER and MURGUIA, Circuit Judges, and BURY,[**] District Judge.

Following two jury trials on severed counts, Maxwell Jones was convicted

of three counts of being a felon in possession of a firearm, in violation of 18 U.S.C.

§§ 922(g) and 924(a)(2). The district court sentenced Jones to 144 months of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

imprisonment.  Jones appeals his conviction and sentence.  We affirm the conviction, vacate the sentence, and remand for further proceedings.

**1.**     The photospread used to identify Jones was not impermissibly suggestive. The photospread did not "emphasize the focus" upon Jones, as Jones's facial scar was not visible in the photograph.  *See United States v. Bagley*, 772 F.2d 482, 493 (9th Cir. 1985).  Even if the scar was visible, the witnesses' identification of Jones was sufficiently reliable under the totality of the circumstances.  *See id.* at 492.

**2.**     The district court did not plainly err in communicating with a distraught juror outside the presence of counsel and in responding to a jury question about the use of jurors' personal information.  These were innocuous communications dealing with ancillary matters and did not prejudice Jones.  *See Rushen v. Spain*, 464 U.S. 114, 121 (1983) (per curiam); *United States v. Madrid*, 842 F.2d 1090, 1093 (9th Cir. 1988).

**3.**     The district court did not plainly err in allowing the jury to view Jones's scar during deliberations.  A jury may view a defendant's facial features during deliberations if it had an opportunity to observe him at trial.  *See United States v. Rincon*, 28 F.3d 921, 926–97 (9th Cir. 1994).  Unlike the defendant in *Rincon*, Jones did not present himself to the jury for examination at trial.  Nonetheless,

Jones has failed to establish plain error. *See United States v. Christensen*, 801 F.3d 970, 984 (9th Cir. 2015).

**4.**     At sentencing, the district court relied on three 2003 Washington state court convictions for which Jones had pled guilty pro se in calculating Jones's base offense level and criminal history category. These convictions, all in Spokane County Superior Court, are: (1) attempted second-degree assault, No. 03-1-00656-5, (2) two counts of conspiracy to deliver a controlled substance, No. 03-1-01409-6, and (3) second-degree possession of stolen property, No. 03-1-03050-4.

In a prior, unrelated federal prosecution of Jones, the Government conceded that Jones's uncounseled 2003 convictions were constitutionally invalid. *See* United States' Sentencing Memorandum Re: Defendant's Prior Uncounseled State Court Convictions, *United States v. Jones*, No. 2:05-cr-00067-JLQ (E.D. Wash. Feb. 17, 2006), ECF No. 47. In its supplemental brief and at oral argument in this case, the Government again conceded the invalidity of the 2003 convictions. We therefore vacate Jones's sentence and remand for resentencing. On remand, the district court may not use the three uncounseled 2003 state convictions to calculate Jones's base offense level or criminal history category.

At oral argument, Jones's counsel informed the court that, since this appeal was filed, Jones has been convicted and sentenced in Washington state court for

charges that were pending at the time of sentencing in this case.  On remand, the district court may, if it deems it appropriate, consider any such sentence as a "prior sentence" to calculate Jones's criminal history category.  *See* U.S. Sentencing Guidelines Manual §§ 4A1.1, 4A1.2(a)(1) & cmt. n.1 (U.S. Sentencing Comm'n 2013); *United States v. Klump*, 57 F.3d 801, 802 (9th Cir. 1995) ("[A]t resentencing, a trial court may count an unrelated sentence imposed after the original sentence as a 'prior sentence.'").

**AFFIRMED IN PART, VACATED IN PART, and REMANDED**