**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30261 |
| Appellee, | D.C. No. 2:13-cr-00052-WFN-1 |
| v. | |
| MAXWELL DELVON JONES, AKA Money | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted October 5, 2017
Seattle, Washington

Before: LIPEZ,** WARDLAW, and OWENS, Circuit Judges.

In November 2014, the district court sentenced Maxwell Jones to 144 months'

imprisonment on three counts of being a felon in possession of a firearm. We

vacated that sentence in May 2016 because the district court improperly relied on

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

- 1 -

three of Jones's uncounseled prior convictions in fashioning his sentence. *United States v. Jones*, 653 F. App'x 861, 862 (9th Cir. 2016) (mem.) (*Jones I*). In remanding the case for resentencing, we observed that Jones had been convicted and sentenced on state robbery charges that were pending at the time of his initial sentencing, and instructed the district court that it could consider this intervening sentence as a "prior sentence" to calculate Jones's criminal history category. *Id.* The district court resentenced Jones and imposed an 84-month term of imprisonment, a six-month upward departure from the guideline range of 63 to 78 months. In pronouncing sentence, the court referenced Jones's prior uncounseled convictions, stating that Jones had "a couple of assault convictions," "a couple of convictions for drug distribution, [and] possession of stolen property." Jones appeals, arguing that the district court once again relied on his prior uncounseled convictions, and also erred by adding his intervening sentence to his criminal history score. We affirm.

### Intervening Sentence

The district court did not err by including Jones's intervening state sentence in calculating his criminal history score. In *Jones I,* we explicitly advised the district court that it could consider the sentence for that purpose. 653 F. App'x at 862. Our instruction was consistent with the Sentencing Guidelines and with Ninth Circuit case law. *See* U.S.S.G. §§ 4A1.1, 4A1.2(a)(1) & cmt. n.1; *United States v. Klump*,

57 F.3d 801, 802 (9th Cir. 1995). Jones urges us to revisit our rule that district courts may consider "post-sentencing sentence[s]" at resentencing hearings. *Klump*, 57 F.3d at 803. We have no occasion to reexamine *Klump*, however, as "one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel." *United States v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992).

Nor does the district court's decision to consider Jones's intervening sentence violate the constitutional prohibition on ex post facto laws. U.S. Const. art. I, § 9, cl. 3; art. I, § 10, cl. 1. The Ex Post Facto Clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)). Jones can point to no such law, as his punishment increased due to a change in facts—namely, his state court sentencing based on conduct predating his original federal sentencing—not a change in law.

## Uncounseled Convictions

We review the district court's consideration of Jones's prior uncounseled convictions for plain error because Jones did not object during his resentencing hearing. Fed. R. Crim. P. 52(b); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). Plain error review has four components. First, there must "indeed be an 'error'"; that is, a non-waived "[d]eviation from a legal rule." *Olano*, 507 U.S. at 732−33. Second, the error must be "plain." *Id.* at 734. "'Plain' is synonymous with

'clear' or, equivalently, 'obvious.'" *Id.* Third, the appellant must demonstrate that the plain error affected his substantial rights. *Id.* In sentencing appeals, this requires showing "a reasonable probability that he would have received a different sentence" but for the error. *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008). Finally, courts of appeals typically "correct a plain forfeited error affecting substantial rights" only if "the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

Jones satisfies the first two *Olano* factors, as the district court plainly erred when it considered his constitutionally infirm prior convictions. *See United States v. Bryant*, 136 S. Ct. 1954, 1962 (2016); *United States v. Tucker*, 404 U.S. 443, 448−49 (1972). However, Jones has not demonstrated that the district court's error affected his substantial rights. Even discounting Jones's uncounseled convictions, his criminal history is long and serious by any measure. It includes convictions for resisting arrest, second-degree robbery, possession of a stolen firearm, conspiracy to possess oxycodone, and first-degree robbery. Furthermore, district courts may take the conduct underlying a constitutionally infirm prior conviction into account when imposing sentence. *E.g.*, *United States v. Williams*, 782 F.2d 1462, 1467 (9th Cir. 1985). Our review of the sentencing transcript indicates that the district court placed significant weight on Jones's history of serious criminal *conduct*. Lastly, the district

court justified its sentence on factors unrelated to Jones's criminal history, including the seriousness of his offense conduct. For these reasons, Jones has not shown "a reasonable probability that he would have received a different sentence" but for the district court's plain error. *Waknine*, 543 F.3d at 554.

**AFFIRMED.**