IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35456-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAXWELL D. JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Maxwell Jones challenges the offender score used at sentencing, contending three of his prior offenses were found to be constitutionally invalid by a federal court. That is not the case. Because this appeal is not the proper action for challenging the prior convictions, his remedy is a personal restraint petition (PRP). We affirm the trial court.

FACTS

Mr. Jones was found guilty at a 2015 bench trial of first degree robbery. Considering ten prior adult felony convictions, the trial court sentenced him with an offender score of 9+. His standard range was 129-171 months in prison. The trial court imposed a term of 171 months.

He appealed to this court, alleging error in the calculation of his offender score. This court affirmed. *State v. Jones*, No. 34038-4-III (Wash. Ct. App. Apr. 27, 2017) (unpublished) http://courts.wa.gov/opinions/pdf/340384.pdf.

Jones then timely moved for relief from judgment in the trial court pursuant to CrR 7.8, alleging that four of his prior convictions from 2003 were obtained in violation of his right to counsel. In support of his allegation, he attached the judgment and sentences from the three cases, as well as a memorandum opinion from the Ninth Circuit United States Court of Appeals. The judgment and sentence forms were signed by Jones, but not by a defense attorney.

The Ninth Circuit opinion vacated a federal sentence being served by Jones, explaining:

> At sentencing, the district court relied on three 2003 Washington state court convictions for which Jones had pled guilty pro se in calculating Jones's base offense level and criminal history category. . . .
> In a prior, unrelated federal prosecution of Jones, the Government conceded that Jones's uncounseled 2003 convictions were constitutionally invalid. . . . On remand, the district court may not use the three uncounseled 2003 state convictions to calculate Jones's base offense level or criminal history category.

*United States v. Jones*, 653 Fed. Appx. 861, 862 (9th Cir. 2016).

The trial court, however, rejected the CrR 7.8 motion, reasoning that Washington precedent prohibited trial courts from considering the constitutionality of prior convictions at sentencing. Any relief would have to come from a PRP.

2

Mr. Jones timely appealed to this court. A panel considered his appeal without hearing argument.

ANALYSIS

The sole issue presented by this appeal is whether the trial court erred by denying the CrR 7.8 motion. The trial court correctly determined that it could not consider the constitutionality of the prior convictions at the current sentencing.

This court reviews a trial court's CrR 7.8 ruling for abuse of discretion. *State v. Robinson*, 193 Wn. App. 215, 217, 374 P.3d 175 (2016). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

A felony sentence in Washington is dependent on two factors—the seriousness level of the offense and the offender's prior criminal convictions. RCW 9.94A.515; RCW 9.94A.525. The intersection of the seriousness level and the offender score provides the standard range. RCW 9.94A.510. Thus, a reduction in the offender score typically results in a reduced sentence range.

The governing authority on the issue of counting prior offenses, as recognized by the trial judge, is *State v. Ammons*, 105 Wn.2d 175, 187, 713 P.2d 719 (1986). There the court recognized that the State did not have to establish the constitutional validity of prior convictions used to establish a defendant's offender score. *Id*. at 187. A defendant "has no right to contest a prior conviction at a subsequent sentencing," but, instead, must seek

to challenge the prior conviction by collateral attack. *Id*. at 188. If successful, the defendant then may obtain resentencing. *Id*.

*Ammons* recognized two exceptions—the trial court could not use a conviction that (1) had previously been determined to have been unconstitutionally obtained, or (2) which was constitutionally invalid on its face. *Id*. at 187-188. Here, Mr. Jones argues that his challenged convictions fail both of the *Ammons* exceptions.

He first contends that the Ninth Circuit ruling determined that the prior convictions were unconstitutionally obtained. He overstates the extent of that ruling. In his case, the United States Attorney had conceded that three of the prior convictions were constitutionally invalid. *Jones*, 653 Fed. Appx. at 862. The Ninth Circuit accepted that concession, but did not invalidate those prior convictions. *Id*. Those earlier cases were not before the court.

The first *Ammons* exception applies only if the prior conviction was invalidated. *State v. Jones*, 110 Wn.2d 74, 78, 750 P.2d 620 (1988). Implicitly, the first *Ammons* exception is based on the theory of collateral estoppel. *Id*. In order for collateral estoppel to apply, "the party against whom the plea of collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation." *State v. Williams*, 132 Wn.2d 248, 254, 937 P.2d 1052 (1997).

State courts are required to accord full faith and credit to the judgment of a federal court. *Woodley v. Myers Capital Corp.*, 67 Wn. App. 328, 336, 835 P.2d 239 (1992).

4

"The federal constitution's full faith and credit clause, U.S. Const. art. 4, § 1, may require that a federal court's prior judgment be given a preclusive effect in a subsequent state action." *Id.* If all the elements of collateral estoppel are present, a state court must give preclusive effect to a federal court judgment. *See Spahi v. Hughes-Nw., Inc.*, 107 Wn. App. 763, 774-775, 27 P.3d 1233 (2001). Collateral estoppel does not apply "where the issue is the role of prior state convictions in a federal sentencing scheme." *United States v. Guthrie*, 931 F.2d 564, 571 (9th Cir. 1991).

For several reasons, collateral estoppel does not apply to the federal ruling. The primary reason is that the 2003 convictions were not before the federal court; the issue there was simply whether those convictions applied under the federal sentencing statutes to the current case before the trial court. In addition, the State was not a party to the federal prosecution, nor in privity with the United States. Thus, even if the federal ruling had reached the issue of validity of the 2003 convictions, collateral estoppel would not apply.

Mr. Jones also argues that the prior offenses are invalid on their face because the judgment forms indicate that he had no counsel. However, that fact does not establish facial invalidity.

"Constitutionally invalid on its face means a conviction which without further elaboration evidences infirmities of a constitutional magnitude." *Ammons*, 105 Wn.2d at 188. "The face of the conviction includes any plea agreement." *State v. Gimarelli*, 105

5

Wn. App. 370, 375, 20 P.3d 430 (2001). "The conviction need not show that a defendant's rights were not violated; rather, for the conviction to be constitutionally invalid on its face, the conviction must affirmatively show that the defendant's rights were violated." *Id.* Thus, a "conviction that is merely silent about whether a defendant's rights were protected is not facially invalid." *State v. Booker*, 143 Wn. App. 138, 144, 176 P.3d 620 (2008).

Both the state and federal constitutions guarantee the right to representation by counsel and the right to represent one's self. *State v. Modica*, 136 Wn. App. 434, 440-441, 149 P.3d 446 (2006). A criminal defendant may waive his right to counsel and proceed pro se. *Id.* at 441. Thus, the absence of an attorney's name on the judgment and sentence does not itself establish that a conviction is invalid on its face.

Ultimately, Mr. Jones's argument boils down to a contention that his waiver of counsel in 2003 was invalid. However, he does not prove that contention merely by showing that he was sentenced in the 2003 cases without an attorney. He will have to do that via a PRP where the waiver colloquy is put before a court that can assess the validity of the waiver of counsel.[1]

---

[1] Although collateral attacks must be brought within one year of a judgment and sentence becoming final, that limitation does not apply to judgments that are invalid on their face. RCW 10.73.090; RCW 10.73.100(2).

No. 35456-3-III
*State v. Jones*

The trial court correctly held that Mr. Jones could not challenge the use of the prior convictions at sentencing in this action.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Pennell, J.

7