[No. 8491–1–II.   Division Two.   August 29, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL THOMAS HARTLEY, *Appellant.*

*Stephen Garvey* and *Roethler, Crandall & Long,* for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Bert Paul, Deputy,* for respondent.

WORSWICK, C.J.—Michael Thomas Hartley appeals his exceptional sentence pronounced by the Cowlitz County Superior Court upon his plea of guilty to taking a motor vehicle without permission. The court found that the standard range sentence for the crime was 14 to 18 months in prison, but instead sentenced Hartley to 36 months. This appeal was argued pursuant to a motion for accelerated review, RAP 18.15. The commissioner referred the case to a panel of judges for disposition by published opinion because of its precedential value.

Hartley makes five contentions: (1) the record does not support the exceptional sentence; (2) the court erroneously computed his offender score for purposes of arriving at the standard range; (3) the court failed to give sufficient notice of its intention to consider an exceptional sentence; (4) the exceptional sentence legislation is unconstitutionally vague; (5) the sentence imposed is clearly excessive.

The superior court may impose a sentence outside of the legislatively authorized standard range only if it finds, considering the purpose of the sentencing reform act, that substantial and compelling reasons justify an exceptional sentence. RCW 9.94A.120(2). When such a sentence is appealed, this court can reverse the sentence only if (a) the reasons given by the sentencing judge are not supported by the record, or (b) those reasons do not justify an exceptional sentence, or (c) the sentence imposed is clearly excessive or too lenient. RCW 9.94A.210(4).

The first issue is the sufficiency of the court's reasons to support the sentence. Those reasons, as embodied in the sentencing judge's findings of fact, amount to a reaction to Hartley's life of crime. During his adult life beginning in 1965, Hartley has been convicted of eight other felonies and

one misdemeanor theft. Most of his crimes have been thefts and burglaries, but two of them were for being a felon in possession of a firearm. After reviewing his history, the court found:

(5) Even while under probation, the defendant has committed crime after crime which is an affront to the court's purpose of protecting the public and ensuring the protection of law.

(6) The defendant is a danger to society through his theft and burglary of the property of others and possession of firearms while under felony convictions.

(7) Probation is not a viable alternative as while under probation, the defendant has continued to commit felonies.

(8) The defendant is a dangerous risk to the public at large as his crimes encompass two states and six counties.

(9) The defendant is dangerous to the community in that repeated incarceration has had no effect in stopping him from committing felonies.

These reasons, which incorporate the court's oral decision, are insufficient. They boil down to the court's belief that the standard range simply does not provide enough punishment to Hartley and enough protection to society in view of his criminal history. The problem with this is that the standard range already reflects an offender's criminal history. The Legislature, acting through its duly authorized Sentencing Guidelines Commission, has determined that the standard range sentence for this offense of auto theft is 14 to 18 months. (We are assuming for the moment that the judge computed the range correctly.) The standard range takes into account the particular offense and the extent and nature of the offender's criminal history, including the seriousness of any prior offenses and whether or not they were violent in nature. *State v. Baker,* 40 Wn. App. 845, 848, 700 P.2d 1198 (1985); *see* RCW 9.94A.040(2)(a); 9.94A.330. The range expresses the legislative judgment as to the length of sentence appropriate to fulfill the act's purposes of protecting the public, promoting respect for the law, and providing punishment proportion-

ate to the seriousness of the crime and the offender's criminal history. *See* RCW 9.94A.010. An exceptional sentence must be based on more than the belief that a defendant's criminal history warrants a longer term of punishment than the standard range would allow. *Cf. State v. Gutierrez*, 37 Wn. App. 910, 915, 684 P.2d 87 (1984) (prior convictions alone do not support an exceptional sentence for a juvenile offender). The sentence must be reversed.

In view of our disposition of the exceptional sentence issue, the contention that the court denied due process by giving insufficient notice becomes moot. In any event, the court ascertained before accepting the guilty plea that defendant was aware of the possibility of an exceptional sentence, and the defense made no objection to the sufficiency of notice at that time.

The claimed unconstitutionality of the statute and the argument that the sentence is clearly excessive are likewise moot, and we express no opinion on them.[1]

The final issue concerns the computation of the standard range. The court computed Hartley's offender score as 7, which yields on the standard range sentencing grid a range of 14 to 18 months. RCW 9.94A.310. RCW 9.94A.360(11) provides as follows:

> In the case of multiple prior convictions for the purpose of computing the offender score, count all adult convictions *served concurrently* as one offense, and count all juvenile convictions entered on the same date as one offense. The conviction for the offense that yields the highest offender score is used.

(Italics ours.) Hartley had eight prior felonies in all. At issue are five Oregon convictions between 1977 and 1984, which Hartley contends he served concurrently. He argues that they all should be counted as one offense. This would reduce his offender score from 7 to 4 and reduce the standard range commensurately. The sentencing court accepted

---

[1] Arguments on the act's constitutionality were heard recently in the Supreme Court in State v. Ammons, cause 51550-6.

this argument on the basis of an Oregon statute[2] as regards a 1984 sentence for escape, but refused to apply it to the four other Oregon convictions. They were counted separately.

The statute is ambiguous in its use of the word "served." In construing statutes, we must carry out legislative intent. *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 1, 665 P.2d 891 (1983). In a criminal case, ambiguities are to be resolved reasonably in favor of the defendant. *State v. Sayler,* 36 Wn. App. 230, 673 P.2d 870 (1983). However, absurd results are to be avoided. *State v. Burke,* 92 Wn.2d 474, 598 P.2d 395 (1979).

To construe this statute as Hartley argues would be absurd. The Legislature has crafted a plan by which each person sentenced is given an "offender score" according to his prior criminal record. RCW 9.94A.360. The statute takes careful account of each prior felony conviction, including some juvenile convictions, and assigns weight to them depending on such factors as whether they were an escape or drug related, or were violent or nonviolent in nature. It would be utterly inconsistent with this detailed plan to construe the statute so that a defendant who had committed and been sentenced separately for several serious crimes over a period of years, but who happened to serve overlapping prison terms for them at the same time, would be deemed to have committed only one offense. We are confident that the Legislature's true intent was to include one offense in criminal history when prior concurrent sentences were *judicially imposed* for more than one offense, regardless of whether the concurrent sentences

---

[2]Oregon Revised Statute 137.370(4), effective in 1981, provides: "Unless the court expressly orders otherwise, a term of imprisonment shall be concurrent with the remainder of any sentence previously imposed at the time the court imposes sentence. This subsection applies whether the earlier sentence was imposed by the same or any other court, and is being served in the same or any other penal institution."

arose out of the same or separate incidents.[3] *See* D. Boerner, *Sentencing in Washington* § 5.7(a), at 5–12 (1985). Consistent with this interpretation, another statute provides that whenever a person is convicted of more than one offense, the range for each offense is determined by including in criminal history all other current and prior convictions, but the sentences so determined are to be *served concurrently.* RCW 9.94A.400(1)(a).[4] This means that in computing a range for future sentence, the court will count such multiple convictions as one pursuant to RCW 9.94A.360(11). The standard range was computed properly in this case, in which Hartley received separate sentences in different years, without reference to one another.

The State has not challenged the trial court's construction of the Oregon statute as it relates to the escape charge mentioned above, and we express no opinion on it.

Sentence reversed. Remanded for imposition of a standard range sentence.

PETRICH and ALEXANDER, JJ., concur.

Review denied by Supreme Court November 22, 1985.

---

[3]Even if prior concurrent sentences were not judicially imposed for two or more offenses, only a single offense could be counted if the separate crimes arose out of the same criminal conduct. *See* RCW 9.94A.400.

[4]Exceptions to this rule for three or more serious, violent offenses are contained in RCW 9.94A.400(1)(b).