[No. 10804-6-II. Division Two. September 4, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. DANE ERIK
JOHNSON, *Appellant.*

*James R. Orlando* and *Rovai, Miller, Foley & Orlando,*
for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Chris
Quinn–Brintnall, Deputy,* for respondent.

REED, C.J.—Dane Erik Johnson appeals his sentence following a guilty plea to the charge of attempted second degree burglary. The appeal was argued pursuant to a motion for accelerated review, RAP 18.15. The commissioner referred the case to a panel of judges for decision because of its precedential value. The sole issue is whether the sentencing judge correctly calculated the offender score, and therefore the standard sentencing range.

The Pierce County Superior Court calculated the standard range to be from 22 months to 29 months, based upon an offender score of 7. The range was reduced by 25 percent because the plea was to attempted burglary, rather than a completed burglary. RCW 9.94A.310(2). Defendant received a sentence of 21.75 months, which is at the high end of the reduced range.

Defendant had these prior convictions relevant to calculation of his offender score under RCW 9.94A.360:

| Date Sentenced | Place | Offense |
|---|---|---|
| Dec. 4, 1978 | Arkansas | Burglary 2nd degree |
| Sept. 11, 1980 | Pierce Co., Wa | Burglary 2nd degree |
| Oct. 15, 1980 | Thurston Co., Wa | Burglary 2nd degree |
| Feb. 26, 1987 | Pierce Co., Wa | Theft 2nd degree |

The court adopted an offender score 7: Two points for each burglary and one point for the theft. Former RCW 9.94A-.360(7), (14).[1]

Defendant argues that his offender score should be 5, which would lower the standard range to 10.5 to 13.5 months. He contends that because the 1980 convictions in Pierce and Thurston Counties were served concurrently,

---

[1]The prosecutor's presentence memorandum and offender scoring sheet reflect that the offender score computation omitted two other prior felonies. A Pierce County possession of stolen property conviction, for which defendant originally received a deferred sentence that was later revoked, was not counted because more than 5 years elapsed between that judgment and sentence in 1980 and his next conviction. RCW 9.94A.360(2). An Arkansas conviction for theft was not counted separately because it was served concurrently with the sentence for burglary in Arkansas.

they must be counted as one offense rather than two.

At issue is the construction of RCW 9.94A.360(5)(a) and (c). Subsection 5 provides that when the offender has multiple prior convictions, for the purpose of computing the offender score, all convictions are counted separately, except:

(a) Prior adult offenses which were found, under RCW 9.94A.400(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score. The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently whether those offenses shall be counted as one offense or as separate offenses, and if the court finds that they shall be counted as one offense, then the offense that yields the highest offender score shall be used;

. . .

(c) In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense, and count all juvenile convictions entered on the same date as one offense. Use the conviction for the offense that yields the highest offender score.

Defendant argues that the (c) language clearly requires treating the 1980 Thurston and Pierce County convictions "as one offense" because they were served concurrently. The State, citing *State v. Binder,* 106 Wn.2d 417, 721 P.2d 967 (1986), counters that the two offenses are not *multiple* prior convictions and are not part of the same criminal conduct under subsection (5)(a); therefore, they were properly counted separately. We agree with defendant.

■ We should construe the statute in order to harmonize all its components and give effect to each term. *Williams v. Pierce Cy.,* 13 Wn. App. 755, 537 P.2d 856 (1975). The sentencing reform act, RCW 9.94A, nowhere defines "multiple prior convictions." RCW 9.94A.030(6) defines a "conviction" as an adjudication of guilt, including "a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." *See State v. Huntley,* 45 Wn. App. 658, 726 P.2d

1254 (1986). According to Webster's dictionary, the common meaning of "multiple" is "more than one or once."

 Applying these principles and definitions, we construe RCW 9.94A.360(5)(a) and (c) as meaning:

1. In general, the sentencing court considering more than one prior conviction for purposes of computing the offender score should count them separately.

2. However, if a *previous* sentencing judge found under RCW 9.94A.400(1)(a) that two or more offenses encompassed the same criminal conduct, the *current* sentencing court will count those as one offense—the offense that yields the highest score. RCW 9.94A.360(5)(a).

3. If the person being sentenced also has a record of other prior adult offenses for which he served concurrent sentences, the current sentencing judge must determine whether to count them as one offense or as separate offenses. RCW 9.94A.360(5)(a).

4. The judge will count those other priors served concurrently as one offense if all of them were committed before July 1, 1986. RCW 9.94A.360(5)(c). If one or more of them were committed after that date, and they were not found to encompass the same criminal conduct, the judge will count them separately.

The two 1980 prior convictions for which defendant served concurrent sentences fit under RCW 9.94A.360(5)(c) rather than (5)(a). They are "multiple prior convictions"; they were not part of the same criminal conduct; they were committed before July 1, 1986. They should have been counted as one offense, for a total score of 5. *See* D. Boerner, *Sentencing in Washington* § 5.7(a) (1985).

*State v. Binder, supra,* on which the State relies, is inapposite. *Binder* was concerned with the antecedent statute, RCW 9.94A.360(11), and with counting as one offense four prior federal convictions that were served concurrently. In a footnote, the *Binder* court stated that recent amendments to that statute, which recodified it as present RCW 9.94A-.360(5), allowed "separate consideration of multiple prior convictions served concurrently unless the convictions

encompass the same conduct." 106 Wn.2d at 419 n.1. First, this statement is merely dictum. Second, whatever the Supreme Court may have meant by the footnote, it does not preclude our present holding. As we have noted, RCW 9.94A.360(5)(a) requires the sentencing judge to determine whether certain prior adult offenses served concurrently must be counted as one offense or separately. In making that determination, the court would give "separate consideration" to those prior convictions, consistent with the language in *Binder*.

The sentence is vacated and the case is remanded to superior court for resentencing.

PETRICH and ALEXANDER, JJ., concur.

Reconsideration denied October 21, 1987.

Review denied by Supreme Court February 1, 1988.