[No. 18993-0-I. Division One. February 8, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. LEE ARTHUR HARPER, *Appellant.*

*Dori Jones* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Susan Noonan* and *Greg R. Hubbard, Deputies,* for respondent.

PER CURIAM.—Lee Arthur Harper appeals the sentence imposed for his conviction of second degree burglary. He alleges that the trial court erred in establishing his offender score and therefore incorrectly calculated the standard sentencing range applicable to his case.

Harper was sentenced to a term of 33 months based upon an offender score of 8. In arriving at the offender score, the sentencing judge counted the three prior convictions as separate convictions. The convictions and sentences with which this appeal is concerned are as follows: a 1975 robbery conviction for which Harper received a deferred sentence of 3 years; a February 19, 1976 conviction for burglary for which Harper received a deferred sentence of 1 year on the condition that he serve 1 year in the county jail; a September 24, 1976 conviction for robbery for which Harper received a 10-year prison term. At the same time that the court imposed this 10-year sentence it also modified the two prior sentences received for the burglary and robbery convictions: the court continued them as deferred sentences subject to Harper's compliance with the requirements of the 10-year sentence. Harper argues that the trial court's modification of the two previous sentences in conjunction with its imposition of the 10-year sentence makes those sentences concurrent and therefore one sentence for the purposes of the Sentencing Reform Act of 1981 (SRA). The State argues that two of the prior convictions were deferred and therefore not served. In the alternative, the State argues that the convictions were not concurrent as they were imposed at different times.

We must first address the question of whether a deferred sentence should be treated as a "conviction served" under the SRA. The difficulty here is with the ambiguity of the term "convictions served".[1] One does not

---

[1] Where a criminal statute is ambiguous the rules of lenity require the court to adopt the interpretation most favorable to the criminal defendant. *State v. Hornaday*, 105 Wn.2d 120, 127, 713 P.2d 71 (1986). This rule is applicable to the SRA. *State v. Henderson*, 48 Wn. App. 543, 740 P.2d 329 (1987).

"serve" a conviction. One serves a sentence. However, some sentences are either not imposed, *i.e.,* deferred, while others are imposed but execution thereof suspended. Nevertheless, in either case the defendant has been adjudged guilty. *See State v. Carlyle,* 19 Wn. App. 450, 454, 576 P.2d 408 (1978). The term "conviction" refers to the result of a criminal trial—entry of the judgment and sentence. Black's Law Dictionary 301 (5th ed. 1979). Therefore, the focus must be on the judgment and sentence of the court. One sentenced to probation is as much serving that sentence as one sentenced to confinement. The focus of the SRA's provisions for the determination of offender scores is on the fact of prior convictions and the nature of those convictions—not on the type of sentence imposed therefor. We see no reason to treat persons sentenced to terms of probation, that are judicially imposed to run concurrently, more harshly than those who receive concurrent sentences to prison for their multiple prior convictions. Indeed, such a result would be absurd. Therefore, we hold that a deferred sentence is a "conviction served" for purposes of the SRA.

The second issue is whether these two deferred sentences and the sentence on the subsequent robbery conviction should be counted as one prior conviction under the SRA as "convictions served concurrently." Former RCW 9.94A-.360(11)[2] provides:

> In the case of multiple prior convictions for the purpose of computing the offender score, count all adult convictions served concurrently as one offense . . . The conviction for the offense that yields the highest offender score is used.

The legislative intent of this section was discussed in *State v. Hartley,* 41 Wn. App. 669, 705 P.2d 821, *review denied,* 104 Wn.2d 1028 (1985). In *Hartley,* the defendant had been

---

[2]RCW 9.94A.360(11) was recently amended (and recodified as RCW 9.94A-.360(5)(c)) to allow separate consideration of multiple prior convictions served concurrently unless the convictions encompass the same conduct. This amendment does not apply to sentences imposed prior to July 1, 1986. *See* Laws of 1986, ch. 257, § 25. *State v. Johnson,* 49 Wn. App. 239, 742 P.2d 178 (1987).

sentenced separately for a series of crimes committed over a period of several years. He had simultaneously served overlapping prison terms for five different convictions. Nonetheless, the court held that these convictions should be counted separately because the defendant had received separate sentences in different years without reference to one another. In so ruling, the court stated:

> We are confident that the Legislature's true intent was to include one offense in criminal history when prior concurrent sentences were *judicially imposed* for more than one offense, regardless of whether the concurrent sentences arose out of the same or separate incidents.

(Footnote omitted.) *Hartley,* at 673–74.[3] The reasoning in *Hartley* is applicable to the case at bar. In Washington, an individual with multiple prior convictions which do not arise out of a single act or omission will receive consecutive sentences "unless the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof." RCW 9.92.080(3). The *Hartley* decision is consistent with this statute. We are still left with the question, however, as to what the content of an "express order" or "a judicial imposition" must be for sentences to be considered concurrent and not merely overlapping.

■ Black's Law Dictionary defines concurrent sentences to mean "[t]wo or more terms of imprisonment, all or part of each term of which is served simultaneously and the

---

[3]We also note that the issue was indirectly addressed by our Supreme Court in *State v. Binder,* 106 Wn.2d 417, 721 P.2d 967 (1986). However, *Binder* is not helpful to our analysis because in that case the prosecutor conceded on appeal that a prior federal sentence was concurrent with other federal sentences. Thus, the court did not have occasion to pass on the issue disposed of in *State v. Hartley,* 41 Wn. App. 669, 705 P.2d 821, *review denied,* 104 Wn.2d 1028 (1985).

The reasoning of *Hartley* was also adopted in *State v. Johnson,* 48 Wn. App. 531, 740 P.2d 337 (1987), wherein the court held the mere fact that a defendant's suspended sentence was served during his incarceration for another crime did not make his sentences concurrent. As in *Hartley,* there was no provision in the judgment and sentence that they were to be served concurrently. Thus, there was no "judicial imposition" of concurrent sentences. Unlike *Hartley,* however, the sentences meted out in the instant case were handed down at the same time and refer to each other.

prisoner is entitled to discharge at the expiration of the longest term specified." Black's Law Dictionary 264 (5th ed. 1979). We believe that in the case of multiple prior convictions what is required for an "express order" or "a judicial imposition" is a manifestation in the record of the exercise of judicial discretion by the sentencing judge indicating the intention to impose concurrent sentences. Here, the record does not contain the requisite manifestation.

In the case sub judice, the sentencing judge merely modified the terms of two prior probationary sentences using the following language: "That the defendant comply with all the requirements of [the] judgment and sentence in [the respective King County cause number]." This language does not contain the necessary indicia of judicial intent to impose concurrent sentences. The mere fact that the two probationary sentences were modified on the same day in the manner indicated does not amount to an exercise of judicial discretion to impose concurrent sentences. We believe this particularly true in light of the fact that the prior crimes occurred on different dates and the sentences therefor were initially imposed at different times.

The sentence is affirmed.