[No. 8034-0-III.  Division Three.  December 1, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. RIGOBERTO J. CHAVEZ, *Appellant.*

*Katherine Steele Knox,* for appellant.

*Dennis DeFelice, Prosecuting Attorney,* and *Craig Davenport, Deputy,* for respondent.

GREEN, J.—On July 10, 1986, Rigoberto Chavez was convicted of unlawful delivery of a controlled substance, heroin. He was sentenced on July 22 to 34 months on the basis of an offender score of 3, seriousness level of 6, with a standard range of 26 to 34 months. He appeals contending the court erred in calculating his offender score. We affirm.

At the 1986 sentencing hearing, the court considered the following convictions in computing his offender score:

1. August 7, 1979. Unlawful possession of a controlled substance, Franklin County cause 3994. An order of deferred sentence was entered granting 2 years' probation on condition of serving 1 year in county jail with right to suspend and other conditions.[1] On July 12, 1983, his probation was revoked and he was sentenced to serve not more than 5 years to run concurrently with Benton County cause 83–1–00115–7 and Franklin County cause 4626.

2. June 24, 1983. Delivery of a controlled substance, Benton County cause 83–1–00115–7. Mr. Chavez was sentenced to a maximum of 10 years to run concurrently with the July 12, 1983, conviction.

3. July 12, 1983. Unlawful delivery of a controlled substance, Franklin County cause 4626. Mr. Chavez was sentenced to a maximum of 10 years to run concurrently with convictions of August 7, 1979, and June 24, 1983.

---

[1]According to Mr. Chavez's brief, he served a county jail sentence. According to the State's brief, the 1979 order was revoked on March 10, 1981, and Mr. Chavez was required to serve the time remaining of the 1–year jail sentence and his probation was extended for an additional 2 years. However, neither the original order of deferral nor the 1981 order revoking it were made part of the record in the current appeal.

When imposing the July 1986 sentence, the court scored the 1979 conviction as 1 point and the two 1983 convictions as 2 points and sentenced Mr. Chavez to 34 months, giving credit for time served. RCW 9.94A.360(8), (11). Mr. Chavez contends the court erred in counting the 1979 conviction as a separate offense.

He relies on former RCW 9.94A.360(11): "In the case of multiple prior convictions for the purpose of computing the offender score, count all adult convictions served concurrently as one offense . . ."[2] He claims that since the 1983 judgment ordered the remainder of the 1979 conviction be served concurrently with the other two, all three convictions should have been counted as one offense. We disagree.

█ █ A conviction has been defined as an adjudication of guilt. RCW Titles 10 (Criminal Procedure) and 13 (Juvenile Courts and Juvenile Offenders); *State v. Knowles,* 46 Wn. App. 426, 432, 730 P.2d 738 (1986). Since a deferred sentence flows from an adjudication of guilt, it has been treated as a "conviction served" for purposes of the Sentencing Reform Act of 1981 (SRA). *State v. Harper,* 50 Wn. App. 578, 580, 749 P.2d 722 (1988). Thus, Mr. Chavez was convicted and his sentence judicially imposed on August 7, 1979. That sentence placed him on 2 years' probation on the condition he serve 1 year in the county jail. This was a "conviction served" in part prior to the revocation of his probation and the 1983 offenses. As noted in *Harper,* at 580:

> One sentenced to probation is as much serving that sentence as one sentenced to confinement. The focus of the SRA's provisions for the determination of offender scores is on the fact of prior convictions and the nature of those convictions—not on the type of sentence imposed therefor.

The fact that in 1983 the court ordered the *remainder* of his sentence be served concurrently with his later convictions does not convert the 1979 judicially imposed sentence

---

[2]This same provision is presently RCW 9.94A.360(6)(c).

into one concurrent with the two 1983 sentences for purposes of the statute.

In effect, the remainder of his 1979 sentence overlapped the 1983 sentences. The 1979 sentence could not be concurrent with the later sentences because Mr. Chavez had been serving that sentence, some of the time in jail and the remainder on probation. The court in *State v. Hartley*, 41 Wn. App. 669, 705 P.2d 821, *review denied*, 104 Wn.2d 1028 (1985) declined to permit overlapping sentences to be considered as one offense for purposes of calculating the offender score, stating at page 673:

> It would be utterly inconsistent with this detailed plan [for determining the offender score] to construe the statute so that a defendant who had committed and been sentenced separately for several serious crimes over a period of years, but who happened to serve overlapping prison terms for them at the same time, would be deemed to have committed only one offense.

We find the court properly treated the 1979 conviction as one offense. To find otherwise would lead to the absurd result of giving a defendant who fails probation on a prior conviction and sentence a lower offender score than one who successfully completes probation. Such an interpretation would defeat, rather than promote, one of the primary purposes of the act which is to ensure that punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history. RCW 9.94A.010; *State v. Jones*, 110 Wn.2d 74, 750 P.2d 620 (1988).

Affirmed.

MUNSON, A.C.J., and GAVIN, J. Pro Tem., concur.