[No. 10023–5–III.   Division Three.   July 3, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK JAY
ROBERTS, *Appellant*.

*Charles Baechler*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *Edward Hay* and *Steven Kinn, Deputies*, for respondent.

GREEN, J.—On March 30, 1989, Mark Jay Roberts pleaded guilty in Spokane County to attempted first degree theft. Based on an offender score of 6 he was sentenced to 15 months. Mr. Roberts appeals contending the court erred in calculating his score. We affirm.

The court considered the following criminal history in computing the offender score: On January 13, 1981, Mr. Roberts was convicted in Thurston County of second degree escape and third degree assault in cause 80–1–331–7. He was sentenced on March 4, 1981, to 5 years on each count, the sentences to run consecutively. On June 5, 1981, Mr. Roberts was convicted in King County of robbery in the second degree and two counts of assault in the second

degree. On August 17, 1981, he was sentenced to 10 years on each count "to run concurrently, with said sentence to run concurrent w/ Thurston County J & S 80-1-331-7." Between August 1987 and October 1987, Mr. Roberts committed four additional crimes. The court arrived at a prior offender score of 6.

The court found the two crimes involved in the 1981 Thurston County convictions encompassed the same criminal conduct and were counted as one offense.[1] The court also counted the 1981 King County convictions as one prior offense. Mr. Roberts contends this was error. He argues the 1981 Thurston County convictions and 1981 King County convictions should be counted as one prior offense because the King County sentence specifically stated it would run concurrent with the Thurston County sentence. Thus, he asserts his offender score should have been 5—not 6.

■ RCW 9.94A.360(6)(c) reads in part: "In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense . . .". In *State v. Chavez*, 52 Wn. App. 796, 764 P.2d 659 (1988), we held the fact that a court orders a subsequent sentence be served concurrently with the remainder of a previous sentence does not thereby convert the two sentences into one concurrent sentence for the purpose of the statute. We noted that such sentences were not concurrent, but merely overlapped, because part of the prior sentence had already been served. We cited with approval *State v. Hartley*, 41 Wn. App. 669, 705 P.2d 821, *review denied*, 104 Wn.2d 1028 (1985), in which the court observed it would be inconsistent to construe the statute so that a defendant who happened to serve overlapping prison terms for separate crimes would be deemed to have committed

---

[1]*See* RCW 9.94A.360(6)(2), which reads in part:

"Prior adult offenses which were found . . . to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score."

only one offense. Here, Mr. Roberts began serving his Thurston County sentence prior to his sentencing in King County. His sentences were issued in different counties, at different times, for separate crimes, and before different sentencing judges. His Thurston County and King County sentences overlapped, but were not concurrent for purposes of RCW 9.94A.360. To be concurrent for the purposes of RCW 9.94A.360(6)(c), we believe the Legislature intended the sentences must begin and end at the same time. In that situation, the multiple sentences prior to July 1, 1986, will be treated as one in computing the offender score.

It is argued that *State v. Hartley*, 51 Wn. App. 442, 754 P.2d 131 (1988); *State v. Harper*, 50 Wn. App. 578, 749 P.2d 722 (1988); and *State v. Johnson*, 49 Wn. App. 239, 742 P.2d 178 (1987), *review denied*, 110 Wn.2d 1006 (1988) hold to the contrary. To the extent they may differ from our construction of RCW 9.94A.360(6)(c), we decline to follow them.

We conclude the trial court correctly calculated Mr. Roberts' offender score to be 6. Mr. Roberts' pro se brief does not raise any additional issues other than those addressed in this opinion.

Affirmed.

MUNSON, C.J., and THOMPSON, J., concur.

Review granted at 115 Wn.2d 1021 (1990).