[No. 57442-1.   En Banc.   October 17, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK JAY ROBERTS, *Petitioner*.

*Mark Jay Roberts,* pro se, and *Charles A. Baechler,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin Korsmo, Deputy,* for respondent.

GUY, J. — Mark Jay Roberts challenges the trial court's computation of the offender score for his sentencing after a guilty plea. Roberts contends that under RCW 9.94A-.360(6)(c) his multiple 1981 offenses should be counted as one offense and not two so that his total offender score is reduced from six to five. We agree and reverse the trial court's computation.

## FACTS

On May 2, 1989, judgment and sentence were entered in Spokane County Superior Court against Roberts after he pleaded guilty to attempted first degree theft. The trial judge sentenced Roberts to 15 months' confinement after determining that Roberts' criminal history yielded an offender score of six.

Two 1981 convictions were considered in determining Roberts' offender score. For the first conviction on March 4, 1981, under Thurston County cause 80-1-00331-7, for one count of second degree escape and one count of third degree assault, Roberts was sentenced to two consecutive 5-year terms. For the second conviction on August 17, 1981, under King County cause 80-1-04754-6, for second degree robbery and two counts of second degree assault, Roberts was sentenced to two concurrent 10-year terms. In accordance with RCW 9.94A.400(3), the King County sentence specifically provided that it was to run concurrently with the sentence imposed under Thurston County cause 80-1-00331-7. Thus, Roberts began serving his sentence of two concurrent 10-year terms roughly 5 months after he began serving his sentence of two consecutive 5-year terms.

In 1989, the Spokane County sentencing court counted as one point each convictions for four crimes committed by Roberts between August 1987 and October 1987. These four points, plus the one point for the 1981 King County sentence and one point for the 1981 Thurston County sentence, were calculated by the Spokane court in arriving at the offender score of six.

Roberts appealed this calculation of offender score, arguing that under RCW 9.94A.360(6)(c) the 1981 Thurston County convictions and the 1981 King County convictions must be counted as one prior offense, thereby reducing Roberts' offender score from six to five. Roberts argued that RCW 9.94A.360(6)(c) compelled this result, since the 1981 King County sentence was expressly ordered to run concurrently with the 1981 Thurston County sentence. Under RCW 9.94A.360(6)(c), multiple prior convictions committed before July 1, 1986, and "served concurrently" are counted as one offense in computing an offender score.

In an opinion dated July 3, 1990, the Court of Appeals, Division Three, affirmed Roberts' 1989 sentence and the

calculation of his offender score, finding no error in the trial court's calculation of Roberts' 1981 sentences to a sum of two. *State v. Roberts,* 58 Wn. App. 387, 793 P.2d 981 (1990). No motion for reconsideration was filed by Roberts. We granted Roberts' petition for review and now reverse.

## ANALYSIS

There is only one issue on appeal. For sentences to be "served concurrently" under RCW 9.94A.360(6)(c), must the sentences begin and end on the same date? In other words, does it matter if the concurrently imposed sentences may have both begun and ended on different dates?

RCW 9.94A.360(6) states, in pertinent part:

> (6) In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:
>
> . . . .
>
> (c) In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense . . . Use the conviction for the offense that yields the highest offender score.

The statute provides no definition for the term "served concurrently". Citing its own opinion in *State v. Chavez,* 52 Wn. App. 796, 764 P.2d 659 (1988), the Court of Appeals, in upholding the trial court's computation of Roberts' offender score, held that when a trial court ordered a sentence (for pre-July 1986 offenses) to be served concurrently with the remainder of a previously imposed sentence, this was not to be treated as one concurrent sentence for the purposes of RCW 9.94A.360(6)(c). *Roberts,* 58 Wn. App. at 388. The Court of Appeals below also relied upon *State v. Hartley,* 41 Wn. App. 669, 705 P.2d 821, *review denied,* 104 Wn.2d 1028 (1985) (*Hartley* I). *Hartley* I stated it would be inconsistent to construe RCW 9.94A.360 to mean that defendants who by fortuity serve overlapping prison terms for separate crimes should be considered to have committed only one offense in computing offender score. *Hartley* I,

at 673. Following this rationale, the Court of Appeals in *Roberts* below held that to be "served concurrently" for the purposes of RCW 9.94A.360(6)(c), the sentences must begin and end at the same time in order to be counted as "one" in computing the offender score. *Roberts*, at 389. The Court of Appeals declined to follow *State v. Hartley*, 51 Wn. App. 442, 754 P.2d 131 (1988) (*Hartley* II), *State v. Harper*, 50 Wn. App. 578, 749 P.2d 722 (1988), and *State v. Johnson*, 49 Wn. App. 239, 742 P.2d 178 (1987), *review denied*, 110 Wn.2d 1006 (1988), to the extent they held to the contrary. *Roberts*, 58 Wn. App. at 389.

Roberts argues that subsection (6)(c) of RCW 9.94A.360 requires that his two 1981 convictions be counted as one offense for purposes of calculating his offender score because the judge in King County imposed the 1981 sentence to run concurrently with the 1981 Thurston County sentence. The State argues that the terms were not *served* concurrently because the second 1981 sentence commenced several months after the defendant began serving the first 1981 sentence.

This case presents a conflict between the holding of Division Three in *State v. Chavez*, 52 Wn. App. 796, 764 P.2d 659 (1988), and the holding of Division Two in *State v. Johnson*, 49 Wn. App. 239, 742 P.2d 178 (1987), *review denied*, 110 Wn.2d 1006 (1988). These two cases are most applicable to the issue at hand. However, some review of other related cases is helpful.

The court in *Hartley* I refused the defendant's argument that his five prior Oregon convictions were served concurrently for the purposes of former RCW 9.94A.360(11) (later amended as former RCW 9.94A.360(5), now RCW 9.94A-.360(6)). The opinion in *Hartley* I pointed to the ambiguity in the term "served concurrently" as used in RCW 9.94A-.360. The court resolved this ambiguity by concluding the rule of lenity should not be allowed to resolve ambiguities favorable to the defendant if an absurd result would

follow. The absurd result the court sought to avoid was a lower offender score in an instance in which concurrent sentences were not judicially imposed and in which the defendant had received separate sentences in different years, without reference to each other:

> It would be utterly inconsistent . . . to construe the statute so that a defendant who had committed and been sentenced separately for several serious crimes over a period of years, but who happened to serve overlapping prison terms for them at the same time, would be deemed to have committed only one offense. We are confident that the Legislature's true intent was to include one offense in criminal history when prior concurrent sentences were *judicially imposed* for more than one offense, regardless of whether the concurrent sentences arose out of the same or separate incidents.

*Hartley* I, at 673-74.

Roberts submits his sentences were, on the contrary, imposed to run concurrently by the King County sentencing judge. The 1981 King County sentence refers to the 1981 Thurston County sentence and orders the second sentence to run concurrently with the first. On this basis we may distinguish *Hartley* I from the facts in Roberts' case. Similarly, Roberts' case meets the requirement of *State v. Harper*, 50 Wn. App. 578, 749 P.2d 722 (1988), decided by Division One, that the concurrent sentence for the subsequent offense must be shown to have been imposed as an intentional exercise of the sentencing court's discretion.

The State argues that a later sentencing judge's ordering a sentence to run concurrently with the remainder of an earlier sentence does not create concurrence, and thus that Roberts' 1981 convictions, the second of which was imposed to run concurrently to the first, were not "convictions served concurrently" within the meaning of the statute.

In *State v. Johnson, supra,* the defendant had a second degree burglary conviction in Pierce County, and a month later a burglary conviction in Thurston County. The Court

of Appeals, Division Two, held that for purposes of computing an offender score, since the convictions were multiple prior convictions committed before July 1, 1986, they should count as one offense under former RCW 9.94A-.360(5), now codified as RCW 9.94A.360(6). These facts are applicable to the instant analysis.

However, in *Hartley* II, the defendant's argument that his pre-1986 offenses ought to be counted together was rejected by the Court of Appeals, Division One, because the sentences

> occurred in different counties and states, they occurred in separate years, and they were entered before separate sentencing judges. In addition, these convictions were imposed without reference to each other.

*Hartley* II, at 448. We distinguish *Hartley* II for the same reason as we have distinguished *Hartley* I.

*State v. Chavez, supra,* is also factually distinguishable from *State v. Johnson, supra,* and the instant case. In *Chavez,* a sentence, the remainder of which was to be served concurrently with later convictions, was held by the Court of Appeals, Division Three, not concurrent with the later sentences for the purposes of calculating the offender score. *Chavez,* like *Hartley* I, distinguishes "overlapping" sentences from concurrently *served* sentences. Under *Chavez,* even the judicial imposition of a concurrent sentence does not yield the result that sentences necessarily are "served concurrently" for the purposes of RCW 9.94A-.360(6)(c). *Chavez,* 52 Wn. App. at 798-99. The remainder of the earlier sentence in *Chavez* involved revoked probation for a 1979 offense added to sentences for a 1983 set of offenses. In *Chavez,* the court sought to avoid the absurd result of giving a *lower* offender score to a defendant who had failed probation and thus was *required* to serve additional overlapping time with his new offense than to a defendant who had successfully completed an earlier probation and thus had no overlap in time served. In that the

court in *Chavez* was considering remaining probation time, *Chavez* is distinguishable from the instant case.

Relying in part on *Chavez*, the Court of Appeals below in the present case held that it was the intent of the Legislature that for sentences to truly be served concurrently, they "must begin and end at the same time." *Roberts*, 58 Wn. App. at 389. A difficulty with this construction is that if a sentencing judge in a single action prior to 1986 were to sentence a defendant to 2 years on one count and 5 years on another unrelated count, to run concurrently, then the sentences would fail Division Three's requirement that they *begin* and *end* at the same time. This is problematic, if we consider the abuse the courts seem to be trying to avoid stems from those instances in which

> a defendant who had committed and been sentenced separately for several serious crimes over a period of years, but who happened to serve overlapping prison terms for them at the same time, would be deemed to have committed only one offense.

*Chavez*, 52 Wn. App. at 799 (quoting *Hartley* I, at 673). This circumstance is not present in Roberts' case. *Chavez* also offers for guidance:

> [O]ne of the primary purposes of the act . . . is to ensure that punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history.

*Chavez*, at 799.

In this case, Roberts' 1981 sentences were imposed 5 months apart. First, Roberts was sentenced to two consecutive 5-year terms. He was then sentenced to two concurrent 10-year terms. The second sentence was imposed with *express* reference to the first, and the record manifested judicial intent to impose concurrent sentences. This figures to about 5 months of "overlap" in sentences amounting to 10 years. Very simply, the abuses to be avoided and the "absurd" circumstances referred to in *Hartley* I are not present in this case. These distinctions

militate against this court following *Hartley* I and *Chavez* analyses, as did Division Three in the instant case.

The Court of Appeals in *Roberts* defined the term "adult convictions served concurrently" as requiring sentences which both begin and end at the same time (as well as expressly imposed by a judge manifesting on the record his or her intent to exercise sentencing discretion): "we believe the Legislature intended the sentences must begin and end at the same time." *Roberts*, at 389. The reason for this approach was to avoid the situation of the mere overlapping of sentences giving offenders a lower offender score for pre-1986 offenses. This interpretation does not satisfactorily address the instance in which a defendant is sentenced for two unrelated counts by the same judge on the same day to nonconsecutive sentences of differing lengths. By the approach to RCW 9.94A.360(6)(c) adopted by the court below, defendant A who committed a serious crime and a minor crime pre-1986 and is sentenced to concurrent terms, one long, one short, has not "served" these sentences "concurrently"; thus, the offender score for these two offenses becomes 2 instead of 1. Meanwhile, defendant B who committed multiple serious pre-1986 offenses, and is sentenced to concurrent terms which begin and end on the same day, may be said to have "adult convictions served concurrently". This defendant gets an offender score of only 1. In this scenario, A who committed only one serious crime pre-1986 gets a higher offender score than B who committed several serious offenses even if defendants A and B both serve the same number of years.

■ Generally speaking, our interpretation must begin by approaching the language of the act on its face and accepting plain and unambiguous language. *Human Rights Comm'n v. Cheney Sch. Dist. 30*, 97 Wn.2d 118, 121, 641 P.2d 163 (1982). We have no legislative definition of the term "served concurrently" and find the term ambiguous; therefore, we look beyond the plain language of the statute.

RCW 9.94A.360(6)(c) has evolved since the enactment of the Sentencing Reform Act of 1981. In 1984, RCW 9.94A-.360 was amended to read as follows:

> (11) In the case of multiple prior convictions for the purpose of computing the offender score, count all adult convictions served concurrently as one offense . . . The conviction for the offense that yields the highest offender score is used.

Laws of 1984, ch. 209, § 19. In 1986, additional qualifying language was added to RCW 9.94A.360 and subsection (11) was renumbered to read:

> (5) In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:
>
> . . . .
>
> (c) In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense . . . Use the conviction for the offense that yields the highest offender score.

Laws of 1986, ch. 257, § 25. This 1986 version distinguishes convictions for adult offenses committed before July 1, 1986, from the treatment to be given adult offenses after that date.

In 1988, RCW 9.94A.360 was amended to recodify subsection (5) as subsection (6), the present form of the statute. Laws of 1988, ch. 157, § 3.

While we have no specific statutory definition for the term "served concurrently", it is evident from the development of the current subsection (6) that the Legislature wished prior adult offenses not encompassed in the same criminal conduct to be treated differently when those offenses were committed before July 1, 1986. For pre-July 1, 1986, offenses, the language is hortatory: "count all adult convictions served concurrently as one offense". RCW 9.94A.360(6)(c). For post-July 1, 1986, offenses, the language does not command a count of one offense: "[t]he current sentencing court shall determine with respect to other prior adult offenses for which sentences were served

concurrently whether those offenses shall be counted as one offense or as separate offenses". RCW 9.94A.360(6)(a). " '[W]here the Legislature uses certain statutory language in one instance, and different language in another, there is a difference in legislative intent.' " *In re Swanson*, 115 Wn.2d 21, 27, 804 P.2d 1 (1990) (quoting *UPS v. Department of Rev.*, 102 Wn.2d 355, 362, 687 P.2d 186 (1984)).

■ ■ We find the phrase "count all adult convictions served concurrently as one offense" ambiguous. We construe the term "adult convictions served concurrently" as not requiring sentences to begin and end at the same time. The rule of lenity requires the court to adopt an interpretation most favorable to the criminal defendant. *State v. Hornaday*, 105 Wn.2d 120, 127, 713 P.2d 71 (1986). This rule was held applicable to the SRA in *State v. Henderson*, 48 Wn. App. 543, 740 P.2d 329, *review denied*, 109 Wn.2d 1008 (1987).

We hold Roberts' 1981 sentences meet the following requirements for sentences to be viewed as "concurrent" for the purposes of RCW 9.94A.360(6)(c): (1) the latter sentence was imposed with specific reference to the first; (2) the offenses were committed prior to July 1, 1986; and, (3) the concurrent relationship of the sentences was "judicially imposed" and was not mere coincidental overlap, as there was a manifestation in the record of a judicial intent to impose a concurrent sentence. None of the absurdities or abuses identified in the cases cited by the State in support of its position are present or likely in this instance.

## CONCLUSION

We reverse the Court of Appeals and hold that Roberts' 1981 offenses should be counted as one for the purposes of calculating his offender score under RCW 9.94A.360(6)(c). Sentences are "served concurrently" for the purposes of subsection (6)(c) when the latter sentences refer to the former and there is a manifestation in the record of a judicial intent to impose concurrent sentences even if these

sentences do not begin and end at the same time. We distinguish our holding from the rule in *Chavez* for situations in which the latter sentence is set to run concurrently with remainder time reinstated for a probation violation. The proper offender score to be applied by way of resentence is 5. Remanded to the trial court for modification of sentence as here determined.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and JOHNSON, JJ., concur.