[Nos. 13741-4-III; 13750-3-III.    Division Three.    December 10, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. CLIFFORD CLAYTON, ET AL., *Appellants.*

*Hugh M. Spall, Jr.*; and *Kenneth W. Raber* and *Kirschenmann, Devine, Fortier & Raber*, for appellants.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Kenneth L. Ramm, Jr., Deputy*, for respondent.

SWEENEY, C.J. — Conviction for manufacturing marijuana within 1,000 feet of the perimeter of school grounds permits a sentencing court to impose an enhanced sentence. Former RCW 69.50.435(a) (current version at RCW 69.50.435(a)(4)). Here, police measured that 1,000 feet from the perimeter of the school grounds to Clifford Clayton's property line. The sentencing court imposed the sentence enhancement for manufacturing marijuana within 1,000 feet of the perimeter of the school grounds. Among the questions presented here is what should be the terminus of the 1,000-foot measurement for purposes of the sentencing enhancement: the property line, the building, the room in which the illegal activity is taking place, or the actual site of the manufacture. We conclude it must

be the actual site where the offense occurred. We therefore reverse the sentence and remand for imposition of sentence without the school zone enhancement. In the unpublished portion of this opinion, we reverse on the deadly weapon enhancement, *State v. Valdobinos*, 122 Wn.2d 270, 282, 858 P.2d 199 (1993), and affirm on the other issues.

## FACTS

Based on two tips and information from a third party, the Yakima County Sheriff's Department obtained search warrants for the homes of Lyndell Raphael and Clifford Clayton. At both homes, the police found extensive marijuana grow operations.

The State charged Mr. Raphael and Mr. Clayton with various offenses. Both cases were tried to the court. It found Mr. Raphael guilty of manufacturing marijuana and maintaining a dwelling for drug purposes. It found Mr. Clayton guilty of manufacturing marijuana, possessing marijuana with an intent to deliver, maintaining a dwelling for drug purposes, and defrauding a public utility in the second degree. The court also found grounds for two sentencing enhancements for Mr. Clayton: possession of a deadly weapon during commission of a crime and committing the offenses within 1,000 feet of a school zone.

Mr. Raphael and Mr. Clayton appeal.

## DISCUSSION

Sufficiency of Evidence of School Zone Enhancement. Mr. Clayton challenges the sufficiency of the evidence to support the school zone enhancement. *See* former RCW 69.50.435(a) (now RCW 69.50.435(a)(4)). He argues that the actual site where the offenses were committed must be within 1,000 feet of the perimeter of school grounds.

The starting point for the measurement is clear: "Any person who violates RCW 69.50.401(a) by [manufacturing or possessing a controlled substance with an intent to

deliver] . . . within one thousand feet of the *perimeter* of the school grounds . . . ." Former RCW 69.50.435(a) (emphasis added). The phrase "within one thousand feet of the perimeter of the school grounds" modifies the phrase "violates RCW 69.50.401(a)." *State v. McGee*, 122 Wn.2d 783, 788, 864 P.2d 912 (1993). Mr. Clayton must then have been manufacturing or possessing a controlled substance within 1,000 feet of the perimeter of the school grounds. The State urges, and the trial court concluded, that the 1,000-foot measurement included any portion of the property, no matter where the offense occurred on the property. We disagree.

■ As we have noted, the statute requires the 1,000-foot measurement to extend from the perimeter of the school grounds. But it makes no similar designation for the terminal point of the 1,000-foot measurement. *See* RCW 69.50.435(a); *see also* LAWS OF 1996, ch. 14, § 2 (amending statute to allow for enhancement if within "one thousand feet of the perimeter" of a facility designated by local governing authority). Had the Legislature intended the 1,000-foot measurement to also extend to the perimeter of the property where the offense was located, they would not have used "perimeter" in designating the beginning of the measurement and omitted similar language from the terminal point of the measurement. " ' "[W]here the Legislature uses certain statutory language in one instance, and different language in another, there is a difference in legislative intent." ' " *State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991) (quoting *In re Swanson*, 115 Wn.2d 21, 27, 793 P.2d 962, 804 P.2d 1 (1990)).

■ Other provisions of the statute also seem to focus on the actual situs of the offense. RCW 69.50.435(b) prevents a defendant from claiming that he or she was unaware that the "*prohibited conduct* took place . . . within one thousand feet of the school . . . ." (Emphasis added.) RCW 69.50.435(d) allows a defendant to claim that the "*prohibited conduct* took place entirely within a private residence . . . ." (Emphasis added.) Based on our reading of the

statutory scheme, we conclude that the terminal point of the measurement for RCW 69.50.435(a) must be the actual site on which the offense was committed.

Our holding is consistent with those of other courts addressing this question. In *United States v. Applewhite*, 72 F.3d 140 (D.C. Cir. 1995), *cert. denied*, 517 U.S. 1227 (1996), the court considered whether testimony that the building was 920.2 feet from the school was sufficient to prove commission of the offense within 1,000 feet of a school. No one testified about the distance to the defendant's kitchen where the drugs were located. *Id.* at 143. The court concluded that the statute required "the straight-line footage between the closest point within the real property of the school and the locus of the drug offense." *Id.* at 144; *see also United States v. Johnson*, 46 F.3d 1166, 1169 (D.C. Cir. 1995) (insufficient evidence that the defendant possessed a controlled substance within 1,000 feet of a school when the only measurement made was from the school to a point five feet up the walkway of the defendant's home); *Steelman v. Indiana*, 602 N.E.2d 152, 157 (Ind. Ct. App. 1992) (measurement must be to the location of the offense rather than the location of the property line).

Here, one officer, using a Rolotape, measured from the fence of the school property by an indirect route to the southeast corner of Mr. Clayton's property. The distance was 962 feet 4 inches. Another officer measured the distance from the fence surrounding Mr. Clayton's yard to the fence at the school's playground. The distance was 926 feet 10 inches. The record, however, is devoid of any evidence of the measurement to the exact site where the crimes occurred. The court did find that the distance between the edge of the yard and the house was approximately 30 feet. But even if we assume the estimate was correct, it does not help. No measurement was made to the actual site in the home where the offenses occurred. *See Applewhite*, 72 F.3d at 143-44 (finding insufficient evidence when testimony established building was 920.2 feet

from school but no testimony existed as to distance of location of defendant's kitchen where drugs were located). The evidence is insufficient to support the sentence enhancement for manufacturing marijuana within 1,000 feet of the perimeter of school grounds. *See Applewhite*, 72 F.3d at 144; *Johnson*, 46 F.3d at 1170.

We reverse the school zone enhancement.

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

THOMPSON and SCHULTHEIS, JJ., concur.