# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON , | ) | No. 69131-7-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | PUBLISHED OPINION |
| ANTHONY LEWIS WILLIAMS, | ) ) | |
| Appellant. | ) ) | FILED: November 25, 2013 |
| | ) | |

APPELWICK, J. — Williams appeals the judgment and sentence imposed following his convictions for attempting to elude a pursuing police vehicle and first degree driving with a suspended license. Williams argues that defects in the information and special verdict instructions regarding the sentencing enhancement of endangering the public pursuant to RCW 9.94A.834 mandate reversal. We affirm.

## FACTS

The State charged Anthony Williams with attempting to elude a pursuing police vehicle, driving under the influence (DUI) and first degree driving with a suspended license. The State also filed a special allegation that Williams' actions endangered the public pursuant to RCW 9.94A.834. The charging language for the enhancement read as follows:

> COUNT I: ATTEMPTING TO ELUDE A PURSUING POLICE VEHICLE, committed as follows: That the defendant, on or about the 23rd day of October, 2011, as a driver of a motor vehicle, did willfully fail or refuse to immediately bring his or her vehicle to a stop and did drive his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after having been given a visual or audible signal to bring the vehicle to a stop, said signal having been given by hand, voice,

No. 69131-7-I/2

emergency light, or siren by a uniformed police officer whose vehicle was equipped with lights and siren; proscribed by RCW 46.61.024, a felony, and the crime was aggravated by the following circumstance: one or more persons other than the defendant or the pursuing law enforcement officer were threatened with physical injury or harm by the defendant's actions while committing the crime of attempting to elude a police vehicle; as provided by RCW 9.94A.834.

At the conclusion of the evidence, the trial court instructed the jury regarding the sentencing enhancement as follows:

This special verdict is to be answered only if the jury finds the defendant guilty of ATTEMPTING TO ELUDE A POLICE VEHICLE as charged in Count I.

We, the jury, return a special verdict by answering as follows:

Was any person, other than Anthony L. Williams or a pursuing law enforcement officer, threatened with physical injury or harm by the actions of Anthony L. Williams during his commission of the crime of attempting to elude a police vehicle?[1]

The jury acquitted Williams of the DUI charge but convicted him of attempting to elude a pursuing police vehicle and driving with a suspended license. In addition, the jury answered "yes" on the special verdict form for the sentencing enhancement.

Williams appeals.

DISCUSSION

RCW 9.94A.834 provides:

(1.) The prosecuting attorney may file a special allegation of endangerment by eluding in every criminal case involving a charge of attempting to elude a police vehicle under RCW 46.61.024, when

_____

[1] We note that the instruction used by the State is the pattern instruction. See 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL § 190.12, at 664 (3d ed. 2008).

-2-

No. 69131-7-I/3

sufficient admissible evidence exists, to show that one or more persons other than the defendant or the pursuing law enforcement officer were threatened with physical injury or harm by the actions of the person committing the crime of attempting to elude a police vehicle.

(2) In a criminal case in which there has been a special allegation, the state shall prove beyond a reasonable doubt that the accused committed the crime while endangering one or more persons other than the defendant or the pursuing law enforcement officer. The court shall make a finding of fact of whether or not one or more persons other than the defendant or the pursuing law enforcement officer were endangered at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it finds the defendant guilty, also find a special verdict as to whether or not one or more persons other than the defendant or the pursuing law enforcement officer were endangered during the commission of the crime.

(Emphasis added.)

A charging document must include all essential elements of a crime, statutory or otherwise, in order to provide a defendant with sufficient notice of the nature and cause of the accusation. State v. Kjorsvik, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). Where, as here, a defendant challenges the sufficiency of the information for the first time on appeal, this court construes the document liberally in favor of validity. Kjorsvik, 117 Wn.2d at 102. In making that determination, we engage in a two-part inquiry: (1) whether the essential elements appear in any form, or can be found by any fair construction, in the information; and (2) if the language is vague or inartful, whether the defendant was thereby prejudiced. State v. Brown, 169 Wn.2d 195, 197-98, 234 P.3d 212 (2010).

Williams argues that the information was constitutionally deficient, because it did not allege as an essential element that someone other than Williams and the

-3-

pursuing law enforcement officers were "endangered," as required by RCW 9.94A.834(2), instead alleging that they were "threatened with physical injury or harm." But, it is clear from the context of RCW 9.94A.834(1) that "threatened with physical injury or harm" provides the definition of "endangerment." When the plain meaning of a term is clear from both the language and context of the statute, a separately labeled definition is unnecessary. Am. Cont'l Ins. Co. v. Steen, 151 Wn.2d 512, 518, 91 P.3d 864 (2004). Williams argues that "endangered" cannot be the same as "threatened with physical injury or harm" because when the legislature uses certain language in one instance but different, dissimilar language in another, a difference in legislative intent must be presumed. See, e.g., State v. Roberts, 117 Wn.2d 576, 586, 817 P.2d 855 (1991). But, this court engages in questions of statutory interpretation only when a statutory provision is ambiguous. State v. Tili, 139 Wn.2d 107, 115, 985 P.2d 365 (1999). A statute is ambiguous when it is susceptible to two or more reasonable interpretations, but is not ambiguous merely because different interpretations are conceivable. State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). Here there is no ambiguity. It is not vague or inartful when the information utilizes the definition of a term instead of the term defined. Consequently, there is no need to analyze whether Williams was prejudiced.

Williams also argues that the language of the special verdict instruction relieved the State of its burden to prove the sentencing enhancement beyond a reasonable doubt because the language of the special verdict form required proof

-4-

No. 69131-7-I/5

that the public was "threatened with physical injury or harm" rather than "endangered." But instructions are sufficient when they are readily understood, not misleading, and allow a defendant to satisfactorily argue his theory to the jury. State v. Alexander, 7 Wn. App. 329, 336, 499 P.2d 263 (1972). Because "threatened with physical injury or harm" provides the definition of "endangerment," the instruction properly informed the jury of the law.

Affirmed.

Appelwick, J

WE CONCUR:

Dwyer, J

Becker, J