IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
　　　　　　　　　　　　　 )　　No. 74559-0-I
　　　　　　Respondent, )
　　　　　　　　　　　　　 )　　DIVISION ONE
　　v. )
　　　　　　　　　　　　　 )　　UNPUBLISHED OPINION
DESTRY ADAM SCHNEBLY, )
　　　　　　　　　　　　　 )
　　　　　　　　Appellant. )　　FILED: June 12, 2017

TRICKEY, J. — Destry Schnebly appeals his conviction of attempting to elude a police vehicle with a sentencing enhancement of endangerment. Schnebly argues that the State was relieved of its burden to prove the sentencing enhancement because the special verdict form given to the jury for the sentencing enhancement used the language "threatened with physical injury or harm," rather than "endangerment." Because we have previously held that the language used in Schnebly's special verdict form is proper, we affirm.

## FACTS

On January 25, 2015, Snohomish County Sheriff's Deputy Bryson McGee arrested Schnebly after a lengthy car pursuit. Deputy McGee observed that Schnebly had two passengers in his car. Schnebly violated numerous traffic laws and forced other cars out of the way of the pursuit. After he was arrested, Schnebly told the officers that neither passenger could leave the car during the pursuit.

The State charged Schnebly with attempting to elude a pursuing police vehicle while on community custody. The State alleged as an aggravating factor that "one or more persons other than the defendant or the pursuing law

enforcement officer were threatened with physical injury or harm by the defendant's actions . . . as provided by RCW 9.94A.834."[1]

At trial, Schnebly admitted that he was guilty of attempting to elude a police vehicle. He challenged only whether he had endangered anyone other than himself and the officer while committing his crime.[2]

The jury was provided with a special verdict form that asked, "Was any person, other than the Defendant, or a pursuing law enforcement officer, threatened with physical injury or harm by the actions of the Defendant during his commission of the crime of attempting to elude a police vehicle?"[3] Schnebly did not object to the special verdict form.

The jury found Schnebly guilty of attempting to elude a police vehicle and returned a "Yes" answer on the endangerment special verdict form.[4] The trial court sentenced Schnebly to 25 months of incarceration for his offense plus an additional 12 months and one day for the endangerment sentencing enhancement.

Schnebly appeals.

## ANALYSIS

### Endangerment Essential Element

Schnebly argues that his due process rights were infringed when the State was relieved of its burden of proving every element of the charged crime and sentencing enhancement beyond a reasonable doubt. Specifically, he contends

---

[1] Clerk's Papers (CP) at 152.
[2] At the close of the State's case, Schnebly moved to dismiss the sentencing enhancement for lack of evidence. The trial court denied the motion.
[3] CP at 117.
[4] CP at 117-18.

that the special verdict form did not require the State to prove "endangerment" because it asked whether anyone was "threatened with physical injury or harm," instead of asking whether anyone was "endangered." The State responds that our decision in State v. Williams, 178 Wn. App. 104, 109, 313 P.3d 470 (2013), controls and precludes Schnebly's arguments. The State also argues that Schnebly cannot raise this error because he did not object to the verdict form below. Assuming without deciding that Schnebly has alleged a constitutional error that we can review for the first time on review, we agree with the State that Williams controls.

In a case involving attempting to elude a police vehicle, the State may file a special allegation where there is sufficient evidence to show that "one or more persons other than the defendant or the pursuing law enforcement officer were threatened with physical injury or harm" due to the actions of the defendant. RCW 9.94A.834(1). At trial, the State must prove beyond a reasonable doubt "that the accused committed the crime while endangering one or more persons other than the defendant or the pursuing law enforcement officer." RCW 9.94A.834(2).

In Williams, the appellant argued that the special verdict instruction relieved the State of its burden to prove the sentencing enhancement beyond a reasonable doubt because it stated "'threatened with physical injury or harm'" instead of "'endangered.'" 178 Wn. App. at 109. We upheld the special verdict form because "threatened with physical injury or harm" provided the definition of "endangerment" and, therefore, the jury was properly instructed on the law. 178 Wn. App. at 109. We concluded that the instructions were sufficient and did not relieve the State of

3

its burden to prove the sentencing enhancement beyond a reasonable doubt. Williams, 178 Wn. App. at 109.

Schnebly's argument is identical to the one raised by the defendant in Williams. Moreover, the special verdict forms here and in Williams were based on the Washington Pattern Jury Instructions courts are advised to use when the defendant is charged with attempting to elude a police vehicle with the endangerment sentencing enhancement. See 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL § 190.12, at 664 (3d ed. 2008); Williams, 178 Wn. App. at 107 n.1. Schnebly has not distinguished his case from Williams in any way. Thus, we conclude that Schnebly has not shown that the State was relieved of its burden of proving an essential element of the charged offense.

### Appellate Costs

Schnebly asks that no costs be awarded on appeal. Appellate costs are generally awarded to the substantially prevailing party on review. RAP 14.2. But when a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2.

Here, the trial court found Schnebly indigent. If the State has evidence indicating that Schnebly's financial circumstances have significantly improved since the trial court's finding, it may file a motion for costs with the commissioner.

Affirmed.

WE CONCUR:

Trickey, J

_____

Cox, J.

_____

5